Let this be filed as an order in all eight pending cases.

The CITY OF NEW YORK, a Municipal Corporation of the State of New York, on behalf of itself and all others similarly situated, Plaintiff,

v.

INTERNATIONAL PIPE AND CERAMICS CORPORATION, Lock Joint Pipe Company, Kerr Concrete Pipe Company, Martin Marietta Corporation, DePasquale Brothers, Inc., 8 Morris Avenue Glen Cove Corp., and Colonial Sand & Stone Co., Inc., Defendants.

No. 67 Civ. 1698.

United States District Court
D. New York.

April 16, 1968.

J. Lee Rankin, Corporation Counsel, City of New York, for plaintiff (Eugene Margolis, and John R. Thompson, Asst. Corporation Counsels, of counsel).

Sullivan & Cromwell, New York City, for defendant International Pipe & Ceramics Corporation (John F. Cannon, New York City, of counsel).

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant Kerr Concrete Pipe Co. (Jerome Doyle, Arthur J.

Murphy, Jr., Roger S. Fine, New York City, G. Norman Widmark, Newark, N. J., of counsel).

Chadbourne, Parke Whiteside & Wolff, New York City, for defendant Martin Marietta Corporation (Clark C. Vogel and Arnold & Porter, Washington, D. C., of counsel).

Goodstein, Zamore, Mehlman & Krones, New York City, for defendant Colonial Sand & Stone Co., Inc.

RYAN, District Judge.

Defendant KERR CONCRETE PIPE COMPANY (KERR) has moved for an order under F.R.Civ.P. 23(c) (1) determining that this action may not be maintained as a class action. All of the defendants have joined in this motion; none seek the protection of Rule 23(c) (2) as amended, which provides that a judgment in a class action binds all those in the described class "who have not requested exclusion, and whom the court finds to be members of the class."

Plaintiff, THE CITY OF NEW YORK, and all of the intervening plaintiffs oppose this motion. They ask that affirmative relief be granted, declaring this to be a class action and directing that further proceedings be had as provided for in Rule 23(b) (3).

We have concluded that the defendant's motion should be granted and that it be now declared that this action may not be maintained as a class action.

Plaintiff filed this private anti-trust treble damage action on April 28, 1967,

describing itself as a plaintiff suing "on behalf of itself and all others similarly situated." Plaintiff has named eight corporations as defendants but it appears that there are in fact only four.[1]

Plaintiff, alleging it was a public end-user and purchaser of concrete pipe, charges in its complaint that defendants unlawfully conspired from 1955 to the date of the filing of the complaint to establish and maintain prices, to submit non-competitive quotations, and to allocate and divide orders for the purchase of products described collectively as "concrete pipe".

The complaint also alleges that plaintiff sues as the representative of a class and it defines the class as "governmental entities" consisting "of all state and municipal governments, governmental agencies, authorities and subdivisions in the United States which have purchased the products described below in the period in suit and have sustained damage thereby as a result of the combination and conspiracy alleged herein."[2]

This action is based upon the allegations of two indictments filed against most of the present defendants (and others not named here as defendants)[3] in 1966 in the District of New Jersey. United States v. International Pipe and Ceramics Corp., et al., Cr. 9–66, filed January 11, 1966; United States v. International Pipe and Ceramics Corp., et al., Cr. 10–66, filed January 11, 1966.

It is important to the merits of this motion to note that Indictment Cr. 10–66 alleged a conspiracy only with respect to

1. Thus, defendants DePASQUALE and 8 MORRIS AVENUE were acquired by COLONIAL SAND; and defendant LOCK JOINT was a predecessor of INTERNATIONAL PIPE (INTERPACE).
   The four actual defendants are INTERNATIONAL PIPE, KERR CONCRETE PIPE, MARTIN MARIETTA and COLONIAL SAND.

2. It appears that at least 39 concrete pipe manufacturers have been named defendants in 66 public end-user treble damage actions filed in 17 district courts in the

United States. A schedule of these actions is annexed as Schedule A.
   Plaintiff now states that it intends to limit the class to those entities lying east of the Rocky Mountains.

3. North Jersey Concrete Pipe Co., Inc., was a defendant in the indictment and has not been named in this action. COLONIAL SAND & STONE CO., INC., DePASQUALE BROTHERS, INC., and 8 MORRIS AVENUE GLEN COVE CORP. are joined in this action but none of them were named in either indictment.

"low-pressure" pipe. INTERPACE, LOCK JOINT, MARIETTA and three individual LOCK JOINT and MARIETTA officials were named as defendants. KERR was named neither a defendant nor co-conspirator.[4] Indictment Cr. 9–66 charged a conspiracy with respect to "non-pressure" pipe and named KERR and NORTH JERSEY CONCRETE PIPECO. in addition to the three corporations named in the other indictment.

The date of the final disposition of these indictments by imposition of sentence on pleas of nolo contendere on April 29, 1966 had an obvious bearing on the filing of this action as a class action. Under the applicable statutes of limitations (Clayton Act §§ 4B, 5(b), 15 U.S.C. §§ 15b, 16(b), as amended, 69 Stat. 283 (1955)), the last day upon which any private suitor could have commenced an action seeking damages for the conspiratorial acts alleged in the indictments was April 29, 1967. Plaintiff, THE CITY OF NEW YORK, filed this action on April 28, 1967. It appears that it was the first private anti-trust suit filed against KERR. It would seem that the complaint was drafted and filed to meet this statutory bar and this may well account for the fact that many of the allegations closely follow the wording of the New Jersey indictment.

This also explains why there have been applications for intervention made by many governmental entities located in the mid-west and far distant from "Northern New Jersey."

It is significant that, save for the eleven plaintiffs in the Eastern District of Pennsylvania actions, no plaintiff in any of the other pending suits has sought to intervene.

As bearing upon the existence of a possible class embracing "all state and municipal governments, governmental agencies, authorities and subdivisions in the United States" (or even in those states east of the Rocky Mountains), it is stated by defendants and not disputed that the complaints in the various actions differ widely and, with the alleged conspirators different in each, they do not even suggest a "nationwide" conspiracy. INTERPACE and MARTIN MARIETTA, who operated from a number of separate manufacturing points, did not sell in all the areas in which actions have been filed.[5]

A most informed and authoritative statement that there was no unifying national conspiracy for the entire concrete pipe industry, was made at a hearing on March 19, 1966, in the District Court of New Jersey when the Government opposed the pleas of nolo contendere by the defendants. The attorney representing the Antitrust Division, speaking of non-pressure pipe, then said:

"There is another factor which I should point out, and that is that with respect to 9–66, which is a local—there were several local conspiracies throughout

---

4. KERR and the co-defendants in this action point out: (1) that the complaint before us alleges a single conspiracy as to both "pressure" and "non-pressure" concrete pipe; (2) that KERR never manufactured or sold "pressure" pipe; (3) that the duration of the "pressure" pipe conspiracy charged in the New Jersey Indictment Cr. 10–66, was from 1955 until April 1962, and in Cr. 9–66 was from August, 1960 to April, 1962; here the single conspiracy charged is alleged to have continued from 1955 to April 28, 1967; (4) and it was charged in Indictment Cr. 10–66 that the pressure pipe conspiracy extended to the "eastern United States", and in Cr. 9–66 that the non-pressure pipe conspiracy occurred in "Northern New Jersey."

5. The defendants have submitted the following analysis of the pending actions: MARTIN MARIETTA is named a defendant in 12 district courts, but not in 5; INTERPACE is named a defendant in 7 districts, but not in 10; 5 other defendants are named in 5 or more districts; 7 other defendants are named in from 2 to 4 districts; and 25 defendants are named in only one district.

the country—Denver, Kansas City, Chicago, Baltimore-Washington and the Florida area—not in which all of the defendants were involved, I am not suggesting that, but in which some of them were involved."

It is undisputed that prior to April 1, 1966, COLONIAL SAND was not in the business of manufacturing and selling concrete pipe; on that date COLONIAL SAND purchased the physical assets of DePASQUALE BROTHERS, which had been in the concrete pipe business. The corporate name of DePASQUALE BROTHERS had since been changed to 8 MORRIS AVENUE GLEN COVE CORP. It is also undisputed that COLONIAL SAND never sold concrete pipe to the CITY OF NEW YORK or to any of the plaintiffs prior to April 1, 1966. Exactly why COLONIAL SAND was joined as a party defendant is difficult to understand; neither COLONIAL nor DePASQUALE BROTHERS were involved in either of the New Jersey indictments.

This motion must be considered against the background of the concrete pipe industry. There are approximately a total of at least 350 domestic fabricators of "concrete pipe" operating approximately 450 separate plants throughout the United States. The trade term "concrete pipe" encompasses at least two different generic classifications—pressure and non-pressure pipe; and within these major classifications are separate groups of products which are separately priced, have distinct end uses, and many are engineered and designed to meet special needs and specifications.

A most important fact is the inherent fragile quality of this concrete piping, which present difficulties of distribution and transportation from the place of fabrication to the site of job use. The pipe can not be safely and economically transported beyond a 150 to 200 mile area. This simply means that only a very small number of the total end-user purchasers whom plaintiff would represent as class members did in fact purchase from the handful of manufacturers named as defendants in this action; nor was there any logical or economic reason for them to join in a conspiracy affecting an area many miles from the district in which they manufactured and made sales and deliveries.

We do not find present here even the requirements of old Rule 23 for there does not appear to be any defined class so numerous as to make joinder impracticable. We also find that, without meeting a conflict of interest, the plaintiff, THE CITY OF NEW YORK, can not fairly insure adequate representation of the class it purports to represent.

The answers to the preliminary interrogatories, which were addressed to all parties to this suit with a view to assisting the Court in determining whether this should be maintained as a class action, establish that treatment of this suit as a class action would not be "superior to other available methods for the fair and efficient adjudication of the controversy."

The motion of the defendants is granted and it is ordered that this suit shall not be entertained as a class action. So ordered.

## SCHEDULE A.

NUMBER OF SUITS FILED AGAINST
EACH DEFENDANT IN EACH DISTRICT

| | | | | | | | | D I S T R I C T S | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | D. Hawaii | W.D. Wash. | D. Ore. | N.D. Cal. | C.D. Cal. | S.D. Cal. | D. Nev. | D. Ariz. | D. Col. | D.N. Mex. | N.D. Tex. | N.D. Ill. | W.D. Mo. | E.D. Pa. | E.D. Ky. | S.D.N.Y. | D. Md. |
| Number of Cases (Total: 66) | 1 | 1 | 2 | 12 | 5 | 3 | 1 | 1 | 1 | 1 | 19 | 8 | 1 | 4 | 1 | 2 | 3 |
| DEFENDANTS: | | | | | | | | | | | | | | | | | |
| 1. American Pipe & Construction Co. | 1 | 1 | 2 | 12 | 5 | 2 | 1 | 1 | | 1 | 19 | | | | | | |
| 2. American Concrete Pipe Co. | | | | | | | | | | 1 | | | | | | | |
| 3. American Concrete Pipe of Hawaii, Inc. | 1 | | | | | | | | | | | | | | | | |
| 4. Armco Steel Corp. | | | | 1 | | | | | | | | | | | | | |
| 5. California Metal Corp. | | | | 1 | | | | | | | | | | | | | |
| 6. Cayuga Concrete Pipe Company | | | | | | | | | | | | | | 3 | | | |
| 7. D. N. Chamberlain | | | | 1 | | | | | | | | | | | | | |
| 8. P. M. Cobb | | | | 1 | | | | | | | | | | | | | |
| 9. Colonial Sand and Stone Co., Inc. | | | | | | | | | | | | | | | | 1 | |
| 10. Concrete Pipe and Products Co., Inc. | | | | | | | | | | | | | | | | | 3 |
| 11. De Pasquale Brothers, Inc. | | | | | | | | | | | | | | | | 1 | |
| 12. Lloyd R. Earl | | | | 2 | | | | | | | | | | | | | |
| 13. Robert V. Edwards | | | | 2 | | | | | | | | | | | | | |
| 14. 8 Morris Avenue Glen Cove Corp. | | | | | | | | | | | | | | | | 1 | |
| 15. General Dynamics[a] | | | | | | | | | | | | 8 | 1 | | 1 | | |
| 16. Gifford-Hill-American, Inc. | | | | | | | | | | 1 | 19 | | | | | | |
| 17. Gifford-Hill Panhandle, Inc. | | | | | | | | | | 1 | | | | | | | |
| 18. Gifford-Hill Pipe Company | | | | | | | | | | 1 | 19 | | | | | | |
| 19. Gifford-Hill-Western, Inc. | | | | | | | | | | 1 | | | | | | | |
| 20. Gray Concrete Pipe Company, Inc. | | | | | | | | | | | | | | | | | 3 |
| 21. Ernest L. Ilsley | | | | 1 | | | | | | | | | | | | | |
| 22. Interpace[b] | | | | | | | | | 1 | | | 8 | 1 | 4 | 1 | 2 | 3 |
| 23. Kaiser Steel Corp. | | 1 | 2 | 2 | | 1 | | 1 | | | | | | | | | |
| 24. Kerr Concrete Pipe Company | | | | | | | | | | | | | | | 1 | | |
| 25. Martin Marietta Corp. | | | 2 | 12 | 5 | 1 | 1 | | 1 | | | 8 | 1 | 4 | 1 | 2 | 3 |
| 26. Pottstown Newcrete Products, Inc. | | | | | | | | | | | | | | 3 | | | |
| 27. William N. Scott | | | | 1 | | | | | | | | | | | | | |
| 28. Smith-Scott Co., Inc. | | | 2 | 2 | | | | 1 | | | | | | | | | |
| 29. South-west Welding & Manufacturing Co. | | | | 1 | | | | | | | | | | | | | |
| 30. South-west Welding & Manufacturing Co., Inc. | | | | 1 | | | | | | | | | | | | | |
| 31. D. A. Stromsoe | | | | 1 | | | | | | | | | | | | | |
| 32. United Concrete Pipe Corp. | 1 | 1 | 2 | 12 | 5 | 2 | 1 | 1 | | 1 | 19 | | | | | | |
| 33. United Pacific Concrete Corp. | 1 | | | | | | | | | | | | | | | | |
| 34. United States Concrete Pipe Co. | | | | | | | | | | | | | | 3 | | | 3 |
| 35. United States Industries, Inc. | 1 | 1 | 2 | 2 | | | | 1 | | | | | | | | | |
| 36. United States Pipe & Foundry Co. | | | | | | | | | | 1 | 19 | | | | | | |
| 37. United States Steel Corporation | | 1 | 2 | 2 | | 1 | | 1 | | | | | | | | | |
| 38. Vulcan Materials Company | | | | | | | | | | | | 8 | | | 1 | | 3 |
| 39. Richard I. Young | | | | 2 | | | | | | | | | | | | | |

a/ Material Service Corp., alleged to be a predecessor of General Dynamics, is also named a defendant in the E.D. Ky. case.

b/ Lock Joint, alleged to be a predecessor of Interpace, is also named a defendant in both S.D.N.Y. and all four E.D. Pa. cases.