James C. DENT and United States Equal Employment Opportunity Commission, Appellants,

v.

ST. LOUIS–SAN FRANCISCO RAIL-WAY COMPANY et al., Appellees.

John A. HYLER et al., Appellants,

v.

REYNOLDS METAL COMPANY et al., Appellees.

Alvin C. MULDROW et al., Appellants,

v.

H. K. PORTER COMPANY, Inc., et al., Appellees.

Worthy PEARSON et al., Appellants,

v.

ALABAMA BY–PRODUCTS CORPORA-TION et al., Appellees.

Rush PETTWAY et al., Individually and on behalf of others similarly situated, and United States Equal Employment Opportunity Commission, Appellants,

v.

AMERICAN CAST IRON PIPE COM-PANY, Appellees.

Nos. 24810, 24789, 24811–24813.

United States Court of Appeals
Fifth Circuit.

Jan. 8, 1969.

No. 24810:

Leroy D. Clark, Jack Greenberg, Robert Belton, New York City, Elihu I. Lei-

fer, D. Robert Owen, Attys., Dept. of Justice, Russell Specter, E. E. O. Comm., Washington, D. C., Sanford Jay Rosen, Baltimore, Md., for appellants.

William F. Gardner, Jerome A. Cooper, Birmingham, Ala., Richard R. Lyman, Toledo, Ohio, for appellees.

No. 24789:

Robert L. Carter, New York City, Orzell Billingsley, Jr., Birmingham, Ala., Richard F. Bellman, New York City, for appellants.

James R. Forman, Jr., Birmingham, Ala., Howell T. Heflin, Tuscumbia, Ala., Clarence F. Rhea, Gadsden, Ala., Jerome Cooper, Birmingham, Ala., for appellees.

No. 24811:

Oscar W. Adams, Jr., Birmingham, Ala., Jack Greenberg, Leroy D. Clark, Robert Belton, New York City, Sanford Jay Rosen, Baltimore, Md., for appellants.

Lucien D. Gardner, Jr., William F. Gardner, Jerome A. Cooper, Birmingham, Ala., Bernard Kleiman, Gen. Counsel, United Steelworkers of Am., Pittsburgh, Pa., for appellees.

No. 24812:

Leroy D. Clark, Jack Greenberg, Robert Belton, New York City, Oscar W. Adams, Jr., Birmingham, Ala., Sanford Jay Rosen, Baltimore, Md., for appellants.

Drayton T. Scott, Jerome Cooper, William F. Gardner, Birmingham, Ala., for appellees.

No. 24813:

Leroy D. Clark, Jack Greenberg, New York City, Oscar W. Adams, Jr., Birmingham, Ala., Elihu I. Leifer, Atty., Dept. of Justice, Washington, D. C., Macon L. Weaver, U. S. Atty., Birmingham, Ala., Russell Specter, Equal Emp. Oppor-Comm., Washington, D. C., Sanford Jay Rosen, Baltimore, Md., for appellants.

James R. Forman, Jr., Birmingham, Ala., for appellees.

John Doar, Asst. Atty. Gen., David L. Norman, Atty., Dept. of Justice, Washington, D. C., for U. S. Equal Employment Opportunity Commission; Kenneth F. Holbert, Acting General Counsel, David R. Cashdan, Atty., Equal Employment Opportunity Commission, of counsel.

Albert Rosenthal, New York City, David Shapiro, Cambridge, Mass., James M. Nabrit, III, New York City, for appellants Dent, Muldrow, Pearson, Pettway and others; Hawkins, Rhea & Mitchell, Gadsden, Ala., of counsel.

Mulholland, Hickey & Lyman, Toledo, Ohio, for appellees Brotherhood of Railway Carmen of America; Clarence Mann, General Chairman of Brotherhood of Railway Carmen of America; Clyde Vinyard, Chairman of Local 60 of Brotherhood of Railroad Carmen of America, in Case No. 24810.

Alfred D. Treherne, General Counsel, Washington, D. C., International Union of District 50, United Mine Workers of America, Cooper, Mitch & Crawford, Birmingham, Ala., for appellee International Union of District 50, United Mine Workers of America, in Case No. 24812.

Paul R. Moody, St. Louis, Mo., Paul R. Obert, Pittsburgh, Pa., Drayton Nabers, Jr., Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., for appellees, St. Louis-San Francisco Ry. Co., H. K. Porter Co., Inc., Alabama By-Products Corp.

Before COLEMAN and CLAYTON,* Circuit Judges, and JOHNSON, District Judge.

COLEMAN, Circuit Judge:

Because they present the same legal issue, with no substantial factual differences, these cases were consolidated for appellate disposition. The District Court held that actual conciliation atempts by the Equal Employment Opportunity Commission [proceeding under Title VII

---

* Judge Clayton, the third judge constituting the court, participated in the hearing and the decision of this case. The present opinion is rendered by a quorum of the court pursuant to 28 U.S.C.A. § 46, Judge Clayton having taken no part in the final draft of this opinion.

of the Civil Rights Act of 1964, 42 U.S. C.A. § 2000e et seq.] was jurisdictionally prerequisite to the maintenance of an action in the courts under Title VII, 265 F.Supp. 56 (N.D.Ala., 1967). We reverse.

The facts in the *Dent* case may be taken as illustrative of the group.

September 10, 1965, Dent filed with the Equal Employment Opportunity Commission a charge that the St. Louis-San Francisco Railway Company and the Brotherhood of Railroad Carmen of America were violating Title VII of the Civil Rights Act of 1964. The substance of the complaint was that the railway company had, on account of race, terminated the employment of Dent and other Negroes, eliminated the job classifications in which they were employed and excluded them from employment in and training programs for other job classifications; that the railway company maintains racially segregated facilities, and that the Brotherhood of Railroad Carmen maintains racially segregated local unions, with Local No. 60 being all-white and Local No. 750 being all-Negro—these locals being the exclusive bargaining representatives of the employees of the railway company.

October 8, 1965, copies of Dent's charges were served on the company and the Brotherhood.

December 8, 1965, the Commission issued a decision, after investigation, to the general effect that there was reasonable cause to believe that the company and the Brotherhood were violating Title VII.

December 15, 1965, the company was informed of this decision by letter from the Commission's executive director. This letter also discussed the Commission's desire to engage in conciliation, but advised the company that an action would possibly be filed before conciliation could be undertaken. On this point, the executive director wrote:

"A conciliator appointed by the Commission will contact you to discuss means of correcting this discrimination and avoiding it in the future.

\*    \*    \*    \*    \*    \*

"Since the charges in this case were filed in the early phases of the administration of Title VII of the Civil Rights Act of 1964, the Commission has been unable to conciliate the matter during the sixty (60) days period provided in Section 706. The Commission is, accordingly, obligated to advise the charging party of his right to bring a civil action pursuant to Section 706(e).

"Nevertheless we believe it may serve the purposes of the law and your interests to meet with our conciliator to see if a just settlement can be agreed upon and a lawsuit avoided.

"We are hopeful that you will cooperate with us in achieving the objectives of the Civil Rights Act and that we will be able to resolve the matter quickly and satisfactorily to all concerned."

There was no conciliation.

Neither the company nor the Brotherhood made any effort to promote conciliation. Because of the unexpectedly large number of complaints that were filed with the Commission and the extremely small staff available, the Commission made no further effort to promote conciliation.

By letter dated January 5, 1966, the Commission advised Dent that "the conciliatory efforts of the Commission have not achieved voluntary compliance with Title VII of the Civil Rights Act of 1964". The letter continued:

"Since your case was presented to the Commission in the early months of the administration of Title VII of the Civil Rights Act of 1964, the Commission was unable to undertake extensive conciliation activities. Additional conciliation efforts will be continued by the Commission. \*  \*  \* Under Section 706(e) of the Act, you may within thirty (30) days from the receipt of this letter commence a suit in the Federal district court."

The action was filed in the District Court on February 7, 1966. As stated, the district court dismissed on the ground that "conciliation * * * is a jurisdictional prerequisite to the institution of a civil action under Title VII".

Section 706(a), 42 U.S.C. 2000e–5(a), after making reference to the receipt by the Commission of a charge of unlawful employment practice, provides:

"The Commission shall * * * make an investigation of such charge * * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor, to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion."

Section 706(e), 42 U.S.C. 2000e–5(e), provides:

"If, within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this title, the Commission shall so notify the person aggrieved, and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * *."

Section 706(e) further provides:

"Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending * * * the efforts of the Commission to obtain voluntary compliance."

■ Thus it is quite apparent that the basic philosophy of these statutory provisions is that voluntary compliance is preferable to court action and that efforts should be made to resolve these employment rights by conciliation both before and after court action. However, we are of the opinion that a plain reading of the statute does not justify the conclusion that, as a jurisdictional re-quirement for a civil action by the aggrieved employee under Section 706(e), the Commission must actually attempt and engage in conciliation.

The United States Court of Appeals for the Fourth Circuit recently considered and decided this issue in companion cases, Ray Johnson v. Seaboard Coast Line Railroad Company and Charles W. Walker v. Pilot Freight Carriers, Inc., 405 F.2d 645. That Court held:

"It seems clear to us that the statute, on its face, does not establish an attempt by the Commission to achieve voluntary compliance as a jurisdictional prerequisite. Quite obviously, 42 U.S.C. § 2000e–5(a) does charge the Commission with the duty to make such an attempt if it finds reasonable cause, 'but it does not prohibit a charging party from filing suit when such an attempt fails to materialize'. Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258, 262 (E.D.La.1967). Subsection (e), which contains the authorization for civil actions, provides only that the action may not be brought unless [within 30 days] 'the Commission [had] been unable to obtain voluntary compliance.'

"The defendants argue that Section 2000e–5 must be read as a whole and that, so read, the use of the word, 'unable', in subsection (e) implies that the duty imposed by subsection (a) must be fully performed before a civil action is authorized. We do not agree. 'Unable' is not defined by statute to give it a narrow or special meaning. We think 'unable' means simply unable—and that a commission prevented by lack of appropriations and inadequate staff from attempting persuasion is just as 'unable' to obtain voluntary compliance as a commission frustrated by the recalcitrance of an employer or a union. Contra, Dent v. St. Louis-San Francisco Ry. Co., 265 F. Supp. 56, 61 (N.D.Ala.1967). At most, we think, a reading of the two sections together means only that the Commission must be given an opportunity to persuade before an aggrieved

person may resort to court action. See Stebbins v. Nationwide Mut. Ins. Co., 382 F.2d 267 (4th Cir. 1967); Mickel v. South Carolina State Employment Serv., 377 F.2d 239 (4th Cir. 1967)."

Similarly, the United States Court of Appeals for the Seventh Circuit considered and decided the same issue in Choate v. Caterpillar Tractor Co., 402 F.2d 357. In the following language, the Seventh Circuit rejected the no-jurisdiction argument:

"In the present case, although the complainant makes no allegation concerning the conciliation efforts of the Commission, it is clear from the face of the complaint that the Commission had the opportunity to investigate and conciliate, in that the Commission could have investigated and attempted to conciliate between the filing of the charge on March 14, 1966 and the issuance of its October 5, 1966 letter stating that it had reasonable cause to believe that a violation had occurred.

"We believe that these allegations are sufficient to state a claim under section 706. A complainant may have no knowledge when he received the required notification of what conciliation efforts have been exerted by the Commission. And more importantly, even if no efforts were made at all, the complainant should not be made the innocent victim of a dereliction of statutory duty on the part of the Commission."

We particularly agree with the reasoning of the majority in the Fourth Circuit cases and it is upon that reasoning that we reverse the judgment below. See also Oatis v. Crown Zellerbach Corp., 5 Cir., 1968, 398 F.2d 496, and Jenkins v. United Gas Corp., 5 Cir., 1968, 400 F.2d 28.

▮ In arriving at the conclusion that actual conciliatory efforts are jurisdictionally prerequisite, the District Court relied heavily on the legislative history of the Act. The majority and the dissenting opinions in *Johnson* and *Walker*, 4 Cir., supra, extensively analyze this aspect of the problem, obviating any necessity for prolonged repetition here. As a matter of fact, the Congressional committee reports and floor debates lend great comfort to both sides. This, we believe, leaves no clearly discernible Congressional intent, certainly not enough to avoid plain statutory language. Section 2000e–5(e), Title 42, U.S.C.A. very clearly sets out only two requirements for an aggrieved party before he can initiate his action in the United States district court: (1) he must file a charge with the Equal Employment Opportunity Commission and (2) he must receive the statutory notice from the Commission that it has been unable to obtain voluntary compliance. It is extremely important in these cases that both the spirit and the letter of Title VII reflect an unequivocal intent on the part of Congress to create a right of action in the aggrieved employee. The dismissal of these cases deprived the aggrieved employee of that right of action, not because of some failure on his part to comply with the requirements of the Title, but for the Commission's failure to conciliate—a failure that was and will always be beyond the control of the aggrieved party.

We do not overlook the fact that in November, 1966, the Commission issued a regulation stating that it "shall not issue a notice * * * where reasonable cause has been found, prior to efforts at conciliation with respondent," except, that, after sixty (60) days from the filing of the charge, the Commission will issue a notice upon demand of either the charging party or the respondent, 29 C.F.R. § 1601, 25a.

It may be that this regulation will generally put an end to cases in the posture of that here decided.

In any event, these appeals are decided on the facts and circumstances herein reported. The Court does not have before it, and it is not now passing upon, a situation, if there were to be one, in which the Commission as a matter of routine simply abandons all efforts at actual conciliation.

It is not to be doubted that Congress did intend that where possible these controversies should be settled by conciliation rather than by litigation. The statute ought to be so administered.

For the reasons herein enumerated, the judgment of the District Court will be reversed and remanded for further proceedings not inconsistent herewith.

Reversed and remanded.