Robert R. McCAUSLAND, as Trustee for Fund Distributors, Inc. Employees' Profit-Sharing Trust, and as Trustee for Fund Distributors, Inc. Employees' Pension Plan, Plaintiff,

v.

SHAREHOLDERS MANAGEMENT COMPANY and Comstock Fund, Inc., Defendants.

No. 69 Civ. 5454.

United States District Court,
S. D. New York.

April 26, 1971.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiff and applicants; Richard M. Meyer, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendants; Daniel R. Murdock, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

By this motion under Rule 24 of the Federal Rules of Civil Procedure various persons seek to intervene as plaintiffs. The litigation was instituted as a class action on behalf of all purchasers of shares of stock in Comstock Fund, Inc. for the period November 25, 1968 to December 19, 1968. The complaint alleges that within that period the defendants sold shares of Comstock Fund, Inc. in violation of the Securities Act of 1933 and the Investment Company Act of 1940, and later circulated to the purchasers a letter misleadingly purporting to curtail the purchasers' rights to rescind in violation of the Securities Exchange Act of 1934.

Plaintiff purchased Comstock shares during the critical period, as did the moving parties. The proposed intervenors agree to adopt the present complaint as it stands, subject only to the modifications necessary to establish their purchases. The defendants have asserted a number of defenses, including (1) releases by McCausland, (2) defendants' offer to McCausland to rescind and McCausland's failure to accept, (3) McCausland's prior knowledge of the matters of which he complains, (4) waiver by McCausland of his claim for damages, and (5) barring of McCausland's purchases by the applicable statute of limitations.

No determination has been made under Rule 23, F.R.Civ.P., as to whether the case has been properly brought as a class action.

Arguing that the claims of the proposed intervenors are time-barred unless the present plaintiff can maintain the action as a class action, the defendants contend that the motion is an improper attempt by the intervenors to overcome the statute of limitations as to them and should accordingly be denied. As an alternative defendants suggest that decision on the motion should be held in abeyance pending determination whether the suit may be maintained as a class action. As subordinate arguments, defendants assert that the proposed intervenors have not made an adequate showing why the court should exercise its discretion under Rule 24, that the motion is not timely, and, finally, that it is not accompanied by a pleading as required by Rule 24(c).

The proposed intervenors reply that their claims are not time-barred, since the bringing of the class action has operated to toll the running of the statute of limitations against them. They freely admit that they seek to intervene to supply the case with adequate class representatives in the event that the defenses alleged against McCausland personally should prevail.

(a) *The propriety of bringing the motion*

■ The motion is properly brought. It is no impediment to the granting of a motion to intervene that it was prompted by the intervenors' desire to remedy infirmities in the legal position of the original plaintiff. To the contrary, it appears that such a motive supports the granting of the motion. As stated in the Advisory Committee Notes to Amended Rule 24:

"A class member who claims that his 'representative' does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of

having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action."

Furthermore, as stated in 3B Moore's Federal Practice ¶ 24.10 [2], p. 24-357 (2d Ed.): "The most obvious case for permissive intervention, of course, is the situation where the intervener has a claim against the defendant similar to or identical with that asserted by the plaintiff."

(b) *Tolling of the statute of limitations*

■ Defendants' contention that the claims of the proposed intervenors are time-barred is incorrect. The question seems to be clearly governed by the decision of the Court of Appeals of this Circuit in Escott v. Barchris Construction Corp., 340 F.2d 731 (1965). There, as here, holders of securities moved to intervene in a class action brought under the Securities Laws. In reversing the District Court's denial of the motion, the court observed:

"If we are to give full recognition to the representative character of the action we must hold that the statute of limitations is tolled for those in whose behalf the representative action is brought as well as for those who actually bring the action. 'If a class action is maintainable as such, it is incongruous to say that the absent members, who are represented by those present, may not rely upon the commencement of the action by their brethren to toll the running of the statute.' Union Carbide and Carbon Corporation v. Nisley, 300 F.2d 561, 590 (10th Cir. 1962), appeal dismissed, Wade v. Union Carbide & Carbon Corp., 371 U.S. 801, 83 S.Ct. 13, 9 L.Ed.2d 46 (1963).

"If we turn on the other hand to the position of the defendants, we find nothing in the purpose or policy of the statute of limitations which would be defeated by holding that the statute was tolled by the bringing of the class suit." (*Id.*, at 733-734).

It is true that in *Barchris* the court held (at footnote 3) that a class action cannot have the effect of reviving the claim of an intervenor which was already, at the commencement of the suit, time-barred. Accordingly, any relief granted on this motion must be limited to those of proposed intervenors whose claims were not time-barred on the date this suit was commenced.

■ It is also the fact that the *Barchris* holding was based on an assumption that the suit there was properly maintainable as a class action. Since that condition has not yet been determined in the instant litigation, defendants, as indicated above, suggest that the granting of any relief on this motion be held in abeyance until such determination is made. The suggestion, however, appears awkward and unnecessary since (although the issue is not before me and I make no determination of it) the case on its face seems to be a typical securities class action. In any event, I believe the appropriate procedure is to dispose of the present motion by granting such relief as is warranted, without prejudice to defendants' rights hereafter to move to dismiss the complaint in the event it is determined that the case may not be maintained as a class action.

Defendants' reliance on the discussion of Rule 23 by Judge Fullam in Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324 (E.D.Pa.1967), and 43 F.R.D. 452 (1968), is misplaced. While it is true that in the latter opinion Judge Fullam stated—in relation to a "negative" class action determination —that "[i]f there never really was a class to be represented, members of the purported class can scarcely be heard to claim that they started suit, vicariously, before the limitations period expired," (*Id.* at 461) nevertheless Judge Fullam also stated, in his first decision: "It is

**524**

my opinion that whatever uncertainties exist as to the precise status of an action brought as a class action, during the interim between filing and the 23(c)(1) determination by the court, it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1)." (42 F.R.D. supra, at 326.) The latter observation applies with equal logic to a motion to intervene in the period between the bringing of a suit and the class action determination.

(c) *Exercise of discretion*

There is no merit in defendants' claim that plaintiff has not made an adequate showing for the exercise of the court's discretion allowing intervention. It is in the public interest, as well as in the interest of the members of the class, that a suit if otherwise meritorious which seeks to enforce the Securities Laws should not be permitted to fail solely because of defenses which are personal to the original plaintiff.

(d) *Timeliness*

 I find that the motion has been timely brought. Timeliness in the existing context should be measured by whether the requested intervention will delay the disposition of the litigation. It is clear that the intervention sought here will not do so, and the defendants have demonstrated no prejudice which would flow from permitting the intervention.

(e) *Lack of accompanying pleading*

Rule 24(c) provides that a motion to intervene " * * * shall be accompanied by a pleading setting forth the claim * * * for which intervention is sought." Here the motion papers were not literally accompanied by a pleading. This defect, however, is not fatal, since it is remedied by counsel's affidavit in support of the motion, which states: "Each of the proposed intervenors will adopt for his complaint the present complaint with the amendments referred to in the notice of mo-

tion." No doubt exists as to the precise and detailed nature of the intervenors' claim, and defendants have not been prejudiced by the failure to annex to the motion a copy of the complaint already served upon them.

For the reasons stated above the motion to intervene is granted in the cases of all intervenors whose claims were not time-barred on the date the suit was commenced. The motion is granted without prejudice to defendants' rights to move to dismiss the complaint if hereafter it is determined that the case is not maintainable as a class action. The motion is denied as to any proposed intervenor whose claim was time-barred on the date the suit was commenced.

It is so ordered.