Suann M. HECHT et al., Plaintiffs,

v.

COOPERATIVE FOR AMERICAN RELIEF EVERYWHERE, INC., Defendant.

No. 72 Civ. 485.

United States District Court, S. D. New York.

Nov. 16, 1972.

Howard C. Buschman, III, New York City, for plaintiffs; Mary F. Kelly, Margaret G. Stewart, New York City, of counsel.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendant; J. Asa Rountree, Jed S. Rakoff, New York City, of counsel.

LASKER, District Judge.

On January 14, 1971, Suann Hecht filed charges with the Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleging that her employer, Cooperative for American Relief Everywhere, Inc. ("CARE"), discriminated against her because of her sex in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.). The charges were deferred to the New York State Division of Human Rights, which found that it had jurisdiction and that there was "probable cause to believe that the respondents have engaged or are engaging in the unlawful discriminatory practice complained of" (Exhibit 5 to Ball Affidavit (supporting motion to dismiss)), but dismissed the complaint, on April 29, 1971, on the ground of "ad-

ministrative inconvenience" (Exhibit 6 to Ball Affidavit (supporting motion to dismiss)).

On April 9, 1971, Hecht formally filed charges with the EEOC. The Commission investigated and made findings of fact to which both parties took written exception. On January 25, 1972, the EEOC informed Hecht that she was entitled to sue in federal court within thirty days of receipt of the notice.

Hecht, Margot Higgins, Ruth Lambie, Ellen Lieber and Sandra Ward brought this suit on February 2, 1972, on behalf of themselves and others similarly situated, alleging jurisdiction under 28 U.S.C. §§ 1343(4), 2201, 2202 and 42 U.S.C. § 2000e–5(f). CARE moves to dismiss the complaint and plaintiffs move for a class action determination.

MOTION TO DISMISS

CARE's motion is based on several grounds: As to Hecht, because of her alleged failure to file timely charges with the EEOC and to participate in EEOC conciliation proceedings; as to Higgins, Lambie, Lieber and Ward, because they did not file charges with the Commission; and as to Lambie and Ward, because their claims are barred by the statute of limitations. CARE also moves to dismiss six counts of the indictment as being beyond the scope of the EEOC charges.

*1. Timeliness of EEOC charges.*

CARE argues that the EEOC lacked jurisdiction and consequently that this court is without jurisdiction because Hecht failed to file charges with the Commission within the statutory time limit. Contrary to CARE's position, the applicable statute of limitations is 210 days from the act complained of and not 90 days,[1] since New York State has a commission which handles charges of discriminatory employment practices. 42 U.S.C. § 2000e–5(d). Hecht alleges that a discriminatory act occurred on October 2, 1970, and filed charges on April 9, 1971, 189 days later, in full compliance with the statute.

*2. Cooperation with EEOC Conciliation.*

CARE's argument that Hecht did not cooperate with the conciliation attempts of the EEOC and that her suit should therefore be dismissed is equally without merit. 42 U.S.C. § 2000e–5(e) provides:

"If within thirty days after a charge is filed with the Commission . . . (except that . . . such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge. . . ."

The Commission regulations extended to sixty days the time for processing all cases in which it finds reasonable cause to believe that an unlawful employment practice has occurred. 29 C.F.R. § 1601.25a(a). The regulations provide further that "[a]t any time after the

---

1. Even if the statute of limitations is 90 days, as CARE contends, Hecht's claim should not be barred although her first filing of charges with the EEOC, on January 14, 1971, occurred 104 days after the date of the act of discrimination specified on the EEOC charging form (Oct. 2, 1970). As the Court of Appeals for the Seventh Circuit stated in Bartmess v. Drewrys U. S. A., Inc., 444 F.2d 1186, 1188 (7th Cir. 1971), "[i]t is settled law that the ninety day limitation is no bar when a continuing practice of discrimination is being challenged rather than a single, isolated discriminatory act." The complaints which Hecht listed on the charging form clearly indicated that she was not alleging a single act of discrimination, but a continuing discriminatory pattern of CARE employment practices. Hence, the 90 day statute of limitations did not begin to run on Oct. 2, 1970, and the charges were not barred when filed.

expiration of sixty (60) days from the date of the filing of a charge, . . . the charging party may demand . . . that a notice issue pursuant to § 1601.25, and the Commission shall promptly issue such notice. . . ." *Id.* at § 1601.25a(c). The notice must advise the charging party of his right to bring suit in federal court within thirty days of its receipt. *Id.* at § 1601.25(c).

As noted above, Hecht filed charges on April 9, 1971. It was not until August 13, 1971, well after the sixty day period of exclusive EEOC jurisdiction, that the EEOC issued its findings of fact. CARE submitted its objections to the findings on September 15, and Hecht submitted hers on October 5. CARE claims that "[i]n its response of September 15, in a letter of November 23 (Exhibit 12), and again in a telephone call of December 16, CARE through its undersigned counsel again stated its eagerness to meet with Ms. Hecht and the Commission to seek to resolve the dispute." (Affidavit of Markham Ball (in support of motion to dismiss), par. 15.) This may be true, but these efforts came more than four months after Hecht's statutory right to bring suit in federal court had accrued. The papers do not reveal any failure by Hecht to cooperate with the EEOC during its period of exclusive jurisdiction. On the contrary, they show that Hecht cooperated for considerably longer than required by the statute [2] and, indeed, deferred her re-

quest for a "right to sue" letter to January, 1972. Thus, the case is directly in line with the many decisions holding that actual conciliation efforts are not a jurisdictional prerequisite for Title VII suits, that the statute is satisfied if the Commission has had an opportunity to conciliate and that once the sixty days from the filing of charges have passed the charging party has a right to bring suit in federal court.[3]

The fact that in this case, unlike many others litigated in federal court, the EEOC investigated and took some steps towards conciliation does not require the application of a different rule. A similar contention was rejected in Dent v. St. Louis-San Francisco Railway Co., 406 F.2d 399 (5th Cir. 1969). There, the EEOC investigated, found reasonable cause and expressed a desire to conciliate, but was unable to engage in conciliation before the expiration of sixty days. The court held that, although conciliation had not been completed, the charging party had a statutory right to proceed to federal court after sixty days without awaiting further EEOC action. *See also* Danner v. Phillips Petroleum, Co., 447 F.2d 159, 161 (5th Cir. 1971). Any other rationale would lead to the anomaly that steps taken by the EEOC to process a charge could delay it indefinitely, while total inaction would permit the charging party to sue after sixty days. The procedure

---

2. Hecht states that she sought conciliation until October, 1971, when an administrative officer of the New York EEOC office, Vincent Donato, advised her not to proceed with conciliation since CARE had made it clear that it was not prepared to discuss the charge of discrimination against all women. Hecht Affidavit (opposing motion to dismiss), Par. 19; Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss, p. 20. CARE's papers do not controvert this statement. They establish that in November, 1971, eleven months after filing charges with the New York State Division of Human Rights and seven months after filing charges with the EEOC, Hecht was no longer willing to conciliate.

Ball Affidavit (supporting motion to dismiss), par. 16; Exhibit 13 to Ball Affidavit.

3. *See, e. g.,* Danner v. Phillips Petroleum Co., 447 F.2d 159, 161 (5th Cir. 1971); Waters v. Wisconsin Steel Works, 427 F.2d 476, 488 (7th Cir. 1970); Miller v. Int'l Paper Co., 408 F.2d 283, 291 (5th Cir. 1969); Dent v. St. Louis-S. F. Ry., 406 F.2d 399, 402 (5th Cir. 1969); Johnson v. Seaboard Air Lines R. R., 405 F.2d 645, 648 (4th Cir. 1968), cert. denied sub nom. Pilot Freight Carriers, Inc. v. Walker, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 361 (7th Cir. 1968).

established by Title VII was not intended to produce such an irrational result.

The law is clear:

"*For whatever reason*, if voluntary compliance is not achieved within sixty days after the charging party files his complaint with the EEOC, his right to be notified of the failure vests and, upon receipt of notice, he may file suit in the district court. The action or inaction of the EEOC cannot affect the grievant's substantive rights under the statute." Miller v. International Paper Co., 408 F.2d 283, 291 (5th Cir. 1969) (emphasis added).

Hecht has complied with the statutory procedure; more is not required.[4]

### 3. Failure of Higgins, Lambie, Lieber and Ward to File EEOC Charges.

█ █ It is too well settled to require extended discussion that "it is not necessary that members of the class bring a charge with the EEOC as a prerequisite to joining as co-plaintiffs in the litigation." Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 499 (5th Cir. 1968). *See also* Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 720 (7th Cir. 1969); Miller v. International Paper Co., 408 F.2d 283, 285 (5th Cir. 1969). Joinder of persons not privy to EEOC proceedings is proper if "they are in a class [with the EEOC charging party] and assert the same or some of the issues." Oatis v. Crown Zellerbach Corp., 398 F.2d 496,

499 (5th Cir. 1968). Higgins, Lambie, Lieber and Ward clearly raise some of the issues asserted by Hecht before the EEOC, e. g., unequal pay, lack of overseas assignments and travel, and exclusion from executive positions. Accordingly, as to those issues, "no procedural purpose could be served by requiring . . . substantially identical grievances to be processed through the EEOC when a single charge would be sufficient to effectuate both the letter and the spirit of Title VII." Miller v. International Paper Co., 408 F.2d 283, 285 (5th Cir. 1969). Whether all of the issues raised by Higgins, Lambie, Lieber and Ward are substantially similar to those asserted by Hecht before the EEOC is more appropriately considered in the discussion below of CARE's motion to dismiss those counts of the complaint which it considers unrelated to the agency proceedings.

### 4. Barring of Lambie and Ward by Statute of Limitations.

CARE also contends that the complaint should be dismissed as to Lambie and Ward because their claims are barred by the statute of limitations. It argues that the latest possible date that it could have discriminated against any employee is the date of such employee's discharge. It claims further that the statute of limitations for all members of the class operates upon the expiration of the 210 days provided for in 42 U.S.C. § 2000e–5(d). Hence, CARE concludes

---

4. It should be noted that the Commission's position is that Hecht has fully complied with the statutory procedure and that her suit here is properly maintainable. In a letter to plaintiffs' counsel, Ms. Kelly and Mr. Buschman, dated April 7, 1972, John de J. Pemberton, Jr., Acting General Counsel for the EEOC, stated: "Once the parties have exhausted the 60-day period of exclusive Commission jurisdiction over their charge . . . , the parties have an automatic right to proceed to federal District Court litigation. At this point in the proceedings [almost twelve months after charges were filed with the EEOC], then, the Commission does not favor conciliation efforts since the plaintiffs do not wish

to conciliate but rather, wish to exercise their right under Title VII to a trial on the merits.

. . . . .

In this connection, I would also like to point out that actual conciliation efforts are in no way a jurisdictional prerequisite for suit. . . . In fact, the Commission would seriously consider opposing a stay for conciliation purposes, should one be applied for under these circumstances, since it believes that once litigation is commenced the primary emphasis should be on obtaining a speedy trial on the merits." Exhibit A to Buschman Affidavit (in opposition to defendant's motion to dismiss).

that, since Lambie and Ward left its employ more than 210 days before the filing of EEOC charges, they (and all persons similarly situated) should be barred from suing in federal court.

Plaintiffs take the position that the statute of limitations contained in Title VII pertains to filing charges before the EEOC and does not apply to bringing suit in .federal court. If so, Title VII does not contain a statute of limitations and "the applicable period of limitation is that which New York would enforce had an action seeking similar relief been brought in a court of that state." Swan v. Board of Higher Education, 319 F.2d 56, 59 (2d Cir. 1963).[5]

The question presented appears novel; the parties have cited no cases directly in point.[6] Our analysis of the problem convinces us that CARE suggests the better answer.

 There is no question that a class action is permitted to vindicate rights created by Title VII.[7] However, the class action device cannot be used to circumvent the application of the statute of limitations to its putative members,[8] since it should alter the substantive legal relations between the parties as little as possible. See 28 U.S.C. § 2072. Anticipating this argument, plaintiffs would have us hold that Title VII contains no statute of limitations for federal suits. The fact remains, however,

that the statute requires that· for a plaintiff to sue in federal court, he must bring charges before the EEOC within 210 days of the discriminatory act. Thus, on an individual basis, if a charge is barred before the EEOC by the 210 day statute of limitations, it is equally barred as the basis of a judicial action, and the period of limitations for administrative proceedings prevents federal suits as effectively as would a statute of limitations specifically applicable to them. This is in keeping with the statutory scheme that the district courts can act only after the EEOC has investigated and sought voluntary compliance and that the EEOC should only be required to investigate fresh discriminatory acts. No reason appears why· group charges should be treated differently from individual charges in this respect. Hence, persons who were discharged more than 210 days before the filing of the EEOC charge on April 9, 1972, and who could not themselves have commenced agency proceedings, because any act of discrimination of which they could complain would have occurred more than 210 days before the tolling of the statute of limitations, cannot participate in this suit simply because they are members of a class whose representative filed timely charges with the Commission.[9] Accordingly, Lambie and Ward's claims are dismissed, because they are barred by the statute of limitations.

5. The applicable state statute of limitations would be CPLR § 214(2) which provides for a three year period of limitation for a liability created by a statute. *See* Swan v. Board of Higher Education, 319 F.2d 56, 60 (2d Cir. 1963) (applying CPA § 48(2) the predecessor of § 214(2)).

6. Waters v. Wisconsin Steel Works, 427 F.2d 476 (7th Cir. 1970), which the plaintiffs claim supports their position, decides what period of limitations is applicable to suits brought under 42 U.S.C. § 1981, not 42 U.S.C. § 2000e–5(f). 427 F.2d at 488.

7. *See, e. g.,* Voutsis v. Union Carbide Corp., 452 F.2d 889 (2d Cir. 1971); Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 719 (7th Cir. 1969); Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 499 (5th Cir. 1968).

8. Escott v. Barchris Constr. Corp., 340 F.2d 731, 733, n. 3 (2d Cir. 1965); McCausland v. Shareholders Management Co., 52 F.R.D. 521, 523 (S.D.N.Y.1971). *Cf.* City· of New York v. Int'l Pipe & Ceramics Corp., 44 F.R.D. 584 (S.D.N.Y. 1968).

9. Clearly, Hecht's filing of charges with the EEOC tolled the statute of limitations for all class members whose claims were not barred at the time of filing. Escott v. Barchris Constr. Corp., 340 F.2d 731, 733 (2d Cir. 1965); McCausland v. Shareholders Management Co., 52 F.R.D. 521, 523 (S.D.N.Y.1971).

**5. Scope of Complaint in Relation to EEOC Charges.**

The counts of the complaint charge CARE with discrimination in the following areas: count one, recruiting and hiring; count two, unequal pay for equal work; count three, promotions; count four, overseas appointments; count five, job titles; count six, overseas travel; count seven, training opportunities; count eight, fringe benefits, particularly health insurance; and count nine, job classifications. The charges before the EEOC alleged discrimination with respect to overseas assignments (charges 1 and 2), unequal pay for equal work (3), overseas travel (4 and 5) and appointment or promotion to administrative positions (6).[10]

CARE concedes that the subject matter of counts two, four and six—unequal pay, overseas appointments and travel—was raised before the EEOC and is therefore properly includible in the complaint. However, it argues that the other counts should be dismissed because they were not presented to the EEOC for investigation and conciliation and they constitute unfair surprise.

The EEOC charge, which is the statutory prerequisite to federal suit, serves to give notice to the charged party, to permit the Commission to investigate and seek voluntary compliance and to narrow the issues to be adjudicated. *See* Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 720 (7th Cir. 1969). To promote these ends, a complaint filed pursuant to Title VII may only " 'encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.' " Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970), quoting King v. Georgia Power Co., 295 F.Supp. 943, 947 (N.D.Ga.1968). Applying this standard, the Fifth Circuit has gone very far in holding that individual acts of discrimination alleged in EEOC charges can provide an adequate basis for a complaint charging a pattern and practice of discrimination permeating the entire employment relationship.[11] Without deciding whether it would be proper to follow the Fifth Circuit in its application of the test which it enunciated, we deny CARE's motion since the counts which it attacks are clearly "like or related to allegations contained in the charge." *Id.*

Hecht's EEOC charges constitute a broadside attack on CARE's employment practices, alleging discrimination in pay, overseas assignments, travel and that "[t]he better administrative (higher paying salaries) positions are held by males." Exhibit 4 to Ball Affidavit (supporting motion to dismiss). Counts one, three and seven—charging discrimination in recruiting and hiring, in promotions and in providing training opportunities—are intrinsically related to Hecht's claim that CARE reserves its executive positions for men, since it would be impossible for CARE to fill

10. The charging form reads as follows:
 "1. I and other women were not allowed overseas assignments.
 2. Overseas assignments pay considerably more than state-side assignments. Only males are considered for overseas assignments.
 3. In state-side assignments males generally earn more than females doing similar work.
 4. When assignments are made for temporary travel overseas (visiting Missions) males are sent and females excluded.
 5. In two isolated situations two women, Program Officers, were allowed overseas trips, but had to pay part of the costs themselves. Males who are sent receive full per diem and travel expenses.
 6. The better administrative (higher paying salaries) positions are held by males."

11. *See, e. g.*, Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970); Carr v. Conoco Plastics, Inc., 423 F.2d 57 (5th Cir. 1970), affirming 295 F.Supp. 1281 (N.D.Miss.1969), cert. denied, 400 U.S. 951, 91 S.Ct. 241, 27 L.Ed.2d 257 (1970); Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969); Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968).

them by any other means. Counts five and nine—alleging discriminatory use of job titles and classifications—flow logically from the same EEOC charge. Plaintiffs allege that CARE classifies higher positions as "male" and lower positions as "female" and that CARE avoids appointing women to higher echelon positions by having them to do the same work as its male administrators but giving them less prestigious job titles. Thus, counts five and nine embody the same type of discrimination as that specified in EEOC charge 6. Count five also ties in with the unequal pay charge because, allegedly, by giving a female-occupied position a less prestigious title, although it entails the same duties as a higher ranked post, CARE pays the woman employee less for the same work.

Count eight, which alleges discrimination in fringe benefits, particularly health insurance, also relates to the equal pay charge. It is reasonable and perhaps customary to consider company-provided insurance as part of an employee's compensation. If, as plaintiffs allege, CARE discriminates against women in health insurance coverage, it has in effect reduced their pay scale below that of their male counterparts.

Accordingly, CARE's motion to dismiss counts one, three, five, seven, eight and nine of complaint is denied since these counts relate intrinsically to Hecht's EEOC charges.

## MOTION FOR A CLASS ACTION DETERMINATION

■ We come to plaintiffs' motion for a class action determination. Since the requirements of Rules 23(a) and (b)(2) are met, the motion is granted.

### 1. Class Too Numerous to Permit Joinder.

On oral argument, May 3, 1972, counsel for plaintiffs stated that CARE's female employees numbered at that time approximately 170 persons. The proposed class would also include all other persons employed by or applying for positions with CARE from September 11, 1970,[12] to the date this suit is finally terminated. Hence, membership in the class is considerably broader than CARE's present employees and joinder is clearly impracticable. Korn v. Franchard Corp., 456 F.2d 1206, 1209 (2d Cir. 1972).

### 2. Common Question of Law or Fact.

CARE argues most vigorously that the complaint is a conglomerate of "essentially personal grievances" (Defendant's Memorandum in Opposition to Plaintiffs' Class Action Motion at 21). They assert that there are, in consequence, no questions of law or fact which are common to the class. Plaintiffs do allege individual acts of discrimination of which they were the victims, but their argument extends much further since they contend that these acts are part and parcel of a pattern of discriminatory treatment of all women applicants and employees. This dual approach—alleging that a specific employment benefit has been denied and that its deprivation results from a type of discrimination forbidden by Title VII—arises inevitably from the statute's structure, which provides a method of eliminating "class" discrimination through suits by individual claimants acting as private "attorneys general". Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 401–402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); Jenkins v. United Gas Corp., 400 F.2d 28, 31–32 (5th Cir. 1968). The second half of the equation—the underlying discriminatory attitude—not only can, but most appropriately should be decided as a class action since "the evil sought to be ended is discrimination on the basis of a class characteristic, i. e., race, sex, religion or national origin." Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 719 (7th Cir.

12. As discussed above, persons whose claims did not arise within 210 days of Hecht's filing of EEOC charges, specifically on or after September 11, 1970, are barred from participating in this suit by the statute of limitations.

1969); Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 499 (5th Cir. 1968). If, having established the existence of this attitude to the class as a whole, it becomes necessary, later, to consider claims which are not common to the class, Rule 23's flexibility enables the court to decide those questions on an individual basis.

### 3. Representative Parties' Claims Typical of the Claims of the Class.

The claims of the representative parties are undoubtedly typical of the claims of the class. They have personally experienced all of the types of discrimination alleged in the complaint and together their claims range over the totality of CARE's employment practices.

### 4. Fair and Adequate Protection of the Class' Interests.

CARE contends that the representative parties will not fairly and adequately protect the interests of the class since a majority of them are no longer employed by CARE and none are union members, although two-fifths of the class hold unionized jobs. Since Lambie and Ward are barred from suing, three representatives remain. Of these, one (Hecht) has resigned, two are presently employed in executive positions and, of the latter, one (Lieber) was a union member until after commencement of this suit. Contrary to CARE's position, these three individuals are a fair cross-section of the class. Furthermore, they are represented by competent, dedicated counsel and will adequately represent the class. If the necessity for establishing subclasses of individuals with diverse interests becomes apparent in the future, the court has power to make appropriate provisions to protect the interests of all.

### 5. Rule 23(b)(2).

Finally, plaintiffs allege that CARE's actions towards its women applicants and employees are inspired by a discriminatory attitude which is directed to all members of the class. If so, declaratory and injunctive relief would be appropriate with regard to the class as a whole. Accordingly, Rule 23(b)(2) is satisfied.

CARE's motion to dismiss as to Hecht, Higgins and Lieber and as to counts one, three, five, seven, eight and nine of the complaint is denied. The motion is granted as to Lambie and Ward. Plaintiffs' motion for a class action determination is granted. The class shall consist of all women who have been employed by or who apply for employment with CARE from September 11, 1970, throughout the pendency of these proceedings. The parties are instructed to confer for the purpose of agreeing on a joint order setting forth provisions for giving notice to the members of the class, the cost of such notice to be borne by plaintiffs in the first instance, the ultimate cost to abide the outcome of the case. In the event that the parties are unable to agree on a proposed order satisfactory to them both by December 4th, 1972, then each shall submit a proposed order by December 11th, 1972.

It is so ordered.