**WOMEN'S COMMITTEE FOR EQUAL EMPLOYMENT OPPORTUNITY (WC=EO) et al., Plaintiffs,**

v.

**NATIONAL BROADCASTING CO., INC., et al., Defendants.**

**No. 75 Civ. 6030–LFM.**

United States District Court, S. D. New York.

July 30, 1976.

**668**

Blank, Goodman, Kelly, Rone & Stanley, New York City, for plaintiffs by Janice Goodman and Nancy E. Stanley, New York City.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants National Broadcasting Co., Inc., RCA, Inc. and WNBC by Howard L. Ganz, Sara S. Portnoy and Jonathan L. Sulds, New York City.

Sturm & Perl, New York City, for defendant Local 11 by Jerome Y. Sturm, Stephen H. Sturm and W. Harvey Mayer, New York City.

Spivak, Rosenman & Spivak, New York City, for defendants Local 1, Local 4 and Local 644 by Steven B. Spivak, New York City.

Howard N. Meyer, New York City, for defendant Local 771.

Edward J. Quinlan, New York City, for defendant Local 52.

Dayle Ginsburg, Trial Atty., E. E. O. C., Washington, D. C., for intervenor.

## OPINION

MacMAHON, District Judge.

Plaintiffs move for certification as a class action, pursuant to Rule 23, Fed.R.Civ.P. Defendant National Broadcasting Co., Inc. (NBC) opposes the motion and cross-moves for an order striking the class allegations from the complaint. In addition, the Equal Employment Opportunity Commission (EEOC) applies for permissive intervention under Rule 24, Fed.R.Civ.P. We grant the motions of plaintiffs and EEOC and deny NBC's cross-motion.

## CERTIFICATION AS A CLASS ACTION

This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The complaint alleges that defendants have discriminated against women in matters of hiring, job placement, pay, promotions, disability leave and benefits, training, referrals, and numerous other conditions of employment at NBC and WNBC (NBC's wholly-owned broadcast station in New York).

Plaintiffs are sixteen individual women and the Women's Committee for Equal Employment Opportunity (WC=EO), an unincorporated association. They seek to represent a class defined in the complaint as "all women who were employees of the National Broadcasting Company . . . and/or WNBC on/or after February 8, 1972, and/or those who will in the future be employed by NBC and/or WNBC, and/or those who while working at NBC and/or WNBC are members of or might become members of defendant Unions." They ask for declaratory and injunctive relief as well as money damages.

Plaintiffs must demonstrate that the prerequisites of Rule 23, Fed.R.Civ.P., have been met in order to qualify for class action status. A suit may be maintained as a class action under Rule 23(a) only if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claim or defenses of the representative par-

ties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

## NUMEROSITY

■ Figures supplied to plaintiffs by NBC indicate a class of approximately 1,675 members as of June 1975. Although the class may change from time to time, the size of the class clearly precludes joinder of all members.

## QUESTIONS OF LAW OR FACT COMMON TO THE CLASS

Defendants contend that this action is not appropriate for class action treatment because employment practices of NBC and WNBC are not a matter of company-wide policy but rather are promulgated on a decentralized basis involving a myriad of decisions requiring consideration of individual qualifications. NBC describes at length the departmental and divisional structure of NBC and WNBC and the process by which many supervisors throughout the companies make individualized decisions as to hiring, promotion, transfer, and the like.

Measured against the allegations of the complaint, NBC's response clearly raises a question of fact, that is, whether the status of women within the companies is the result of these many individual decisions or the result of impermissible discrimination on a *class-wide* basis pursuant to a policy, practice, or custom. We need not resolve this question of fact in determining whether this action is appropriately brought as a class action. Rather, we need only determine whether the question of fact presented is common to the class; we find that it is.

■ Numerous courts have held in Title VII cases that the individual character of nearly all personnel decisions does not preclude class action treatment where the complaint alleges that these decisions are made as a result of, and in furtherance of, a policy of discriminating against the *class.* In *Leisner v. New York Telephone Co.,* 358 F.Supp. 359, 371 (S.D.N.Y.1973), this court said:

"[E]ven if different personnel may be responsible for hiring and promotional policies in the various traffic departments and divisions, there is the common question of law and fact whether women situated in the various departments have been discriminated against on the basis of their sex by agents of the Telephone Company."

Similarly, in *Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir. 1976), the court rejected the contention that the fact that individual considerations are involved in decisions in employment practice cases precludes class treatment. The court commented:

"[A]cceptance of this line of reasoning would mean that no cases alleging discrimination in hiring or promotions could be maintained as class actions. It is manifest that every decision to hire, fire or discharge an employee may involve individual considerations. Yet when that decision is made as part of class-wide discriminatory practices, courts bear a special responsibility to vindicate the policies of the Act regardless of the position of the individual plaintiff." 532 F.2d at 524.[1]

■ The complaint alleges that plaintiffs, as women employees of NBC and/or WNBC, have been deprived of opportunities on account of "across-the-board" discrimination by defendant companies and unions. These allegations apply with equal force to all members of the class whom plaintiffs seek to represent; therefore, the complaint alleges a common question of law and/or fact sufficient to satisfy the requirements of Rule 23(a)(2).

## TYPICAL CLAIMS

■ Defendants also contend that plaintiffs have not sufficiently demonstrated

---

1. Accord, *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969); *Jenkins v. United Gas Corp.,* 400 F.2d 28 (5th Cir. 1968); *Potts v. Flax,* 313 F.2d 284 (5th Cir. 1963).

that their claims are "typical" of the claims of the other women members of the class so as to satisfy that prerequisite of Rule 23(a)(3). NBC argues that because of the unique backgrounds and qualifications of plaintiffs, they have not shown how their claims are typical of the claims of other individuals with different backgrounds and qualifications and in different positions within the companies. Defendant unions claim that plaintiffs' claims are not typical because plaintiffs do not allege that they are, or have tried to become, union members; nor that they are interested in, or qualified for, jobs in which the employees are represented by unions, such as technical and craft positions.

■ We have previously held that the requirement that the claims be typical is satisfied by a showing that the representative parties and the other members of the class have no interests adverse to each other.[2] We find no such adverse interest here.

Even if we adopt the broader view requiring plaintiffs to demonstrate that there are in fact other members of the class who have grievances which are the same or similar to those of plaintiffs, plaintiffs still make a sufficient showing that their claims are typical.

In the cases cited by defendants,[3] the courts all found that the representative parties had failed to demonstrate that there were in fact any aggrieved persons in the broad classes sought to be represented. In *White v. Gates Rubber Co.*, 53 F.R.D. 412, 415 (D.Colo.1971), the court taught that:

"Any method of demonstrating that some members of the class to be represented share the plaintiff's grievances would be acceptable, whether by affidavit, by enumerating charges filed with the EEOC but not followed by private suits, or by some other means."

We are satisfied from the pleadings, supporting statistics, and findings of the EEOC and the New York City Commission on Human Rights (NYCCHR)[4] that plaintiffs have sufficiently demonstrated that other members of the class which plaintiffs purport to represent have the same or similar grievances.

■ The fact that plaintiffs are, or were, employed in clerical or managerial positions does not mean that their claims are not typical of the claims of those women who hold, or have sought, technical or craft positions. If women in *any* position within the companies or unions have been denied opportunities *because they are women,* their claims are typical.

## ADEQUATE REPRESENTATION OF THE CLASS

■ We are satisfied that this action is not collusive and that plaintiffs' counsel are qualified to conduct this litigation. In any event, our decision to permit intervention of the EEOC in this action will further ensure the adequate representation of the class. The requirement of Rule 23(a)(4) is therefore satisfied.

## REQUIREMENTS OF RULE 23(b)

■■ In addition to meeting all the prerequisites of Rule 23(a), plaintiff must demonstrate that the action properly falls within one of the three categories of Rule 23(b). Plaintiffs here seek to have this action certified as a class action under Rule 23(b)(2), which applies where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." This

---

**2.** *Cutner v. Fried,* 373 F.Supp. 4, 13 (S.D.N.Y. 1974); see also *Mersay v. First Republic Corp. of America,* 43 F.R.D. 465 (S.D.N.Y.1968).

**3.** *Wright v. Stone Container Corp.,* 524 F.2d 1058 (8th Cir. 1975); *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263 (10th Cir. 1975); *White v. Gates Rubber Co.,* 53 F.R.D. 412 (D.Colo.1971).

**4.** As a prerequisite to the filing of this action, plaintiffs lodged complaints with EEOC and NYCCHR. Both EEOC and NYCCHR made extensive findings of fact, and both concluded that there was probable cause to believe that all defendants engaged in unlawful discriminatory practices.

case is clearly of the type intended to fall within the ambit of Rule 23(b)(2).[5] The fact that money damages are sought, in addition to equitable relief, does not prevent an action from qualifying as a class action under Rule 23(b)(2).[6]

NBC asserts that since it has adopted an Affirmative Action plan, this case is no longer appropriate for injunctive or declaratory relief. However, we have no information concerning this plan, nor any indication that its scope is coextensive with the relief requested in this lawsuit. In any event, while the existence of such a plan may have some bearing on the relief ultimately granted, it is irrelevant to our present determination of the appropriateness of maintaining this suit as a class action.

NBC requests, in the alternative, that if we certify this action as a class action, the certification be limited to the issues involving general injunctive relief and that class status be denied with respect to plaintiffs' demands for individual injunctive relief and money damages. However, we prefer the approach described by the court in *Baxter v. Savannah Sugar Refining Corp.*, 495 F.2d 437, 443–44 (5th Cir. 1974):

> "A Title VII class action suit presents a bifurcated burden of proof problem. Initially, it is incumbent on the *class* to establish that an employer's employment practices have resulted in cognizable deprivations to it as a class. At that juncture of the litigation, it is unnecessarily complicating and cumbersome to compel any particular discriminatee to prove class coverage by showing personal monetary loss. What is necessary to establish liability is evidence that the *class* of black employees has suffered from the policies and practices of the particular employer. Assuming that the class does establish

invidious treatment, the court should then properly proceed to resolve whether a particular employee is in fact a member of the covered class, has suffered financial loss, and thus entitled to back pay or other appropriate relief." (Emphasis in original.)

We find, therefore, that this action is properly maintainable as a class action for all purposes on behalf of the class, as defined in the complaint, subject to refinement of the class if the court deems it appropriate at a later time.[7]

Although notice to class members is not mandatory for Rule 23(b)(2) class actions, the court has discretion to direct that such notice be given where appropriate.[8] We feel that this is a case where such notice is appropriate; therefore, plaintiffs are directed to give individual notice, by mail, to all members of the class who can be identified through reasonable effort. The notice shall advise each class member of the pendency of the action; that, if she so requests within two (2) months from the receipt of notice, she will be excluded from the class; that the judgment, whether or not favorable to the class, shall bind all members of the class; and that any class member may appear through her own counsel. The form of notice shall be submitted within ten (10) days for approval of the court. The cost of such notice shall be borne by plaintiffs.

### INTERVENTION BY EEOC

The EEOC seeks permissive intervention in this action under Rule 24(b), Fed. R.Civ.P., which provides: "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene . . . ." Such a conditional right is conferred upon EEOC by 42 U.S.C.

---

5. See *Jenkins v. United Gas Corp., supra;* Notes of Advisory Committee on Rules, Rule 23, Fed.R.Civ.P.; 3B J. Moore, Federal Practice ¶ 23.40 at 23–651 (2d ed. 1975).

6. *Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir.), *cert. denied,* 419 U.S. 1050, 95 S.Ct. 625, 42 L.Ed.2d 644 (1974).

7. Rule 23(c)(1), Fed.R.Civ.P.

8. Rule 23(d)(2), Fed.R.Civ.P.

§§ 2000e–4(g)(6) and 2000e–5(f)(1). The EEOC has certified that this action presents a case of general public importance.

The rule directs that in exercising its discretion, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."[9] Upon consideration of all matters raised by the application, we find that the application to intervene is timely; that intervention by the EEOC will neither delay nor unduly prejudice the adjudication of the rights of the original parties; and that the presence of the EEOC in this action will assist the court and parties in handling this complex litigation.

Accordingly, plaintiffs' motion for certification as a class action and the EEOC's motion for permissive intervention are granted. Defendant NBC's cross-motion to strike the class allegations from the complaint is denied.

So ordered.