Sandra **KUCK,** Ruth Bartashunas (a/k/a Ruth Bart), Sheryl Bauman, Deborah Cassetta, Margaret Maureen Coleman, Barbara Gould (a/k/a Barbara Cusanelli), Joann Karlsson, for themselves and all others similarly situated, Plaintiffs,

v.

**BERKEY PHOTO, INC.,** Berkey Marketing Co., Defendant.

No. 78 Civil 3788.

United States District Court, S. D. New York.

March 12, 1979.

---

737

Janice A. Goodman, New York City, for plaintiffs.

Aranow, Brodsky, Bohlinger, Benetar & Einhorn, New York City, for defendant; Kenneth D. Stein, Susan S. Belkin, New York City, of counsel.

## OPINION

### EDWARD WEINFELD, District Judge.

Plaintiffs, alleging sex discrimination by Berkey Marketing Co., a division of Berkey Photo, Inc., instituted this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C., section 2000e-5, and the New York Executive Law, section 290, for declaratory, injunctive, and monetary relief. In addition to presenting individual claims with respect to defendant's employment practices, plaintiffs seek to represent a class of past, present, and future female employees of Berkey Marketing Co. who allegedly have been injured by defendant's former policy of restricting female employees to a 37½-hour work week, while employing males for a 40-hour work week. The plaintiffs charge that the effects of this past discrimination continue to date because, on eliminating the work week differential, defendant initiated a policy of pay differentials.

Plaintiffs now move for class certification of this aspect of their Title VII claim. Defendant concedes, and the Court is satisfied, that the class allegations meet the requirements of Rule 23(a) & (b)(2) of the Federal Rules of Civil Procedure. Defendant, however, opposes plaintiffs' proposed class definition and contests the representative status of all but one of the named plaintiffs.

### Class Definitions

The alternative class definitions proposed by plaintiffs and defendant, quoted in the margin,[1] differ in only one significant respect—the cut-off date for class membership.[2] The dispute concerns whether the claimed discrimination ended on May 31, 1976, the day on which defendant abandoned the differential work-week policy, or whether actions taken by defendant after that date effectively continued the prior discrimination. Plaintiffs assert, and defendant denies, that when the work-week policy was changed, all male hourly employees were simultaneously given an across-the-board increase in their hourly rate of

1. Plaintiffs propose:
    All women who were employed, in non-union job categories, at an hourly wage rate by Berkey Photo, Inc., Berkey Marketing Co. Division, Woodside, Long Island facility on or any time after September 1, 1975 and/or women who will be so employed in the future.
    ¶Defendant proposes:
    All female, hourly paid non-union office clerical and administrative employees employed by Berkey Marking Companies at its Woodside, New York Office between September 27, 1975 and May 31, 1976.

2. Of the three minor areas of disagreement, one has been resolved by plaintiffs' expressed willingness to confine the class to the Woodside, Long Island facility of Berkey Marketing Co. The second area concerns when charges were filed with the Equal Employment Opportunity Commission for purposes of the statute of limitations. 42 U.S.C. § 2000e-5(e) (claims arising more than 300 days prior to filing are time-barred). Defendant's position is supported on this point by the affidavit of the New York District Director for the EEOC providing the dates on which plaintiffs' charges were received by his office. The third area concerns whether the class should include all non-union hourly employees or only those who, like the named plaintiffs, hold office/clerical or administrative positions. Elimination of the remaining non-union job categories is unwarranted. Job titles are not at issue in this suit; rather, the distinction between putative class members and other female employees is the method of payment—that is, at an hourly rate or on a salaried basis.

pay, thus perpetuating the earlier discrimination in a new guise.

■ The alternative contentions of the parties clearly raise factual issues going to the merits of plaintiffs' claims of wage and hour discrimination. Defendant insists, however, that plaintiffs must show that the allegedly continuing discrimination is more than mere hypothesis; that there are in fact female employees hired after May 31, 1976 who have been affected by the "disparate wage policy." But defendant ignores the probable cause finding of the New York City Commission on Human Rights. Although the finding itself and the accompanying report are not binding on this Court,[3] and should only be given such weight as the Court in its discretion determines,[4] suffice it to say they dispel the claim that plaintiffs' allegations are based on sheer conjecture.[5] Once plaintiffs have demonstrated, as they have, a reasonable basis for crediting the assertion that aggrieved individuals do exist in the broader class they propose,[6] then it is inappropriate for this Court to attempt to resolve material factual disputes on a motion for class certification.[7]

3. *See Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

4. *Walton v. Eaton Corp.,* 563 F.2d 66, 75 & n.12 (3d Cir. 1977); *Abrams v. Johnson,* 534 F.2d 1226, 1228 (6th Cir. 1976); *Hackley v. Roudebush,* 171 U.S.App.D.C. 376, 424–25, 520 F.2d 108, 156–57 (1975); *Peters v. Jefferson Chemical Co.,* 516 F.2d 447, 450 (5th Cir. 1975); *Gillin v. Federal Paper Bd. Co.,* 479 F.2d 97, 99 (2d Cir. 1973).

5. The Commission report cites specific examples of women earning the same or less per hour than their male counterparts while the differential work-week policy was in effect. According to the report, the subsequent hourly pay increase for male employees only continued the prior discrimination in the form of disparate hourly rates.

6. *Women's Committee for Equal Employment Opportunity v. NBC,* 71 F.R.D. 666, 670 (S.D.N.Y.1976); *see Taylor v. Safeway Stores,* 524 F.2d 263, 269–70 (10th Cir. 1975); *Wright v. Stone Container Corp.,* 524 F.2d 1058, 1062 (8th Cir. 1975); *Lo Re v. Chase Manhattan Corp.,* 431 F.Supp. 189, 197 (S.D.N.Y.1977).

■ But plaintiffs' request to include future employees in the class must also be rejected. If plaintiffs establish their claim to injunctive relief, the resulting judgment will inure to the benefit of future as well as existing employees.[8]

■ Accordingly, plaintiffs' motion is granted to the extent of defining the class as

All female, hourly paid non-union employees employed by Berkey Photo, Inc., Berkey Marketing Co. Division at the Woodside, Long Island facility on or after September 27, 1975.

*Class Representatives*

■ At some point in her tenure with Berkey Marketing Co., each of the seven named plaintiffs was an hourly employee while the alleged differential work-week policy was in effect. Four of the seven, however, became salaried employees prior to the September 27, 1975 cut-off date for class membership. The discrimination claims of these plaintiffs, Kuck, Bart, Gould and Bauman, are therefore time-barred. Since they are not members of the class they seek to represent, their request for representative status is denied.[9]

7. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Miller v. Mackey International,* 452 F.2d 424, 427 (5th Cir. 1971); *Lamphere v. Brown Univ.,* 71 F.R.D. 641, 646 (D.R.I.1976); *Women's Committee for Equal Employment Opportunity v. NBC,* 71 F.R.D. 666, 669–70 (S.D.N.Y.1976); *see Huff v. N.D. Cass Co. of Alabama,* 485 F.2d 710, 714 (5th Cir. 1973); *Ostapowicz v. Johnson Bronze Co.,* 369 F.Supp. 522 (W.D.Pa. 1973), *aff'd,* 541 F.2d 394 (3d Cir. 1976); *Harriss v. Pan American World Airways, Inc.,* 74 F.R.D. 24, 37 (N.D.Cal.1977).

8. *Cf. Galvan v. Levine,* 490 F.2d 1255, 1261 (2d Cir. 1973), *cert. denied,* 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974); *Greer v. Blum,* 462 F.Supp. 619 (S.D.N.Y.1978).

9. *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 246–47 (3d Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Hecht v. Cooperative For American Relief Everywhere, Inc.,* 351 F.Supp. 305 (S.D.N.Y. 1972); *see Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 397 n.2 (3d Cir. 1976); *Wells v. Ramsay, Scarlett & Co.,* 506 F.2d 436 (5th Cir. 1975).

The remaining plaintiffs have standing to assert the claims herein and satisfy the Rule 23 requirements for representation of the class.[10] Defendant's challenge to the representative status of plaintiffs Karlsson and Coleman is two-fold: (1) that both are presently salaried employees, and (2) that both are supervisory personnel and thus have interests antagonistic to those of the class.

■ Although Coleman became a salaried employee prior to filing charges with the EEOC, and Karlsson became salaried prior to institution of the instant suit, both assert they were subjected to the differential work-week policy during the relevant time period and thus have live claims to a back pay award if such relief is granted. This is sufficient to establish the requisite "personal stake in the outcome of the controversy" for standing purposes.[11] Moreover, since plaintiffs allege that supervisory employees have in the past been paid on an hourly basis, they retain an interest in injunctive relief against future repetition.

The Rule 23 requirements, to the extent, if any, they differ from the standing determination, are also satisfied—under either proposed class definition, both Karlsson and Coleman are members of the class of women employed on an hourly basis after September 1975.[12]

■ Plaintiffs' status as supervisory employees does not alter the conclusion that they would be adequate representatives. The test of adequacy is two-pronged: that plaintiffs' counsel is competent, and that the interests of the named plaintiffs are not adverse to those of the class.[13] No one challenges counsel's competency. As to the alleged adversity of interest, "only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status."[14] The subject matter of the instant litigation is discrimination in hours and wages on the basis of sex. Plaintiffs, claiming to have been injured by this practice in the past, clearly have an interest in common with present hourly employees in seeing that practice ended.[15] De-

10. Defendant does not challenge Cassetta's representation of the class.

11. *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *see Franks v. Bowman Transp. Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Jenkins v. United Gas Corp.,* 400 F.2d 28, 33 (5th Cir. 1968). The Supreme Court's decision in *East Texas Motor Freight v. Rodriguez,* 431 U.S. 395, 403–04, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), relied on by defendant, is not to the contrary, for the plaintiffs there had not suffered any injury as a result of the alleged discriminatory practice.

12. *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Senter v. General Motors Corp.,* 532 F.2d 511, 520 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 247 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Roberts v. Union Company,* 487 F.2d 387 (6th Cir. 1973); *Huff v. N.D. Cass Co. of Alabama,* 485 F.2d 710 (5th Cir. 1973); *Hecht v. Cooperative For American Relief Everywhere, Inc.,* 351 F.Supp. 305, 313 (S.D.N.Y.1972).

13. *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 247 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Lamphere v. Brown Univ.,* 71 F.R.D. 641, 649 (D.R.I.1976).

14. 7 Wright & Miller, Federal Practice & Procedure § 1768, at 639 (1972); *see Women's Committee for Equal Employment Opportunity v. NBC,* 71 F.R.D. 666, 670 (S.D.N.Y.1976); *Hecht v. Cooperative For American Relief Everywhere, Inc.,* 351 F.Supp. 305, 313 (S.D.N.Y. 1972).

15. *Sperry Rand Corp. v. Larson,* 554 F.2d 868 (8th Cir. 1977); *Harriss v. Pan American World Airways, Inc.,* 74 F.R.D. 24, 49–52 (N.D.Cal. 1977); *Ste. Marie v. Eastern R.R. Ass'n,* 72 F.R.D. 443, 448–49 (S.D.N.Y.1976); *Lamphere v. Brown Univ.,* 71 F.R.D. 641, 649–50 (D.R.I. 1976); *Gilinsky v. Columbia Univ.,* 62 F.R.D. 178 (S.D.N.Y.1974). Defendant's reliance on *Wells v. Ramsay, Scarlett & Co.,* 506 F.2d 436 (5th Cir. 1975), is misplaced. Plaintiff there was a salaried employee, employed on a monthly basis, who supervised longshoremen. In his suit against his employer, a stevedoring company, and two longshoremen's unions for race discrimination, he sought to represent a class of black longshoremen. The class members were assigned stevedoring work on a daily basis through the unions under collective bargaining agreements. Plaintiff was not a member of this group for job assignment purposes and had severed his relationship with the union long before filing his complaint. In short, he was not a member of the class he sought to represent.

fendant does not contend that plaintiffs as supervisors have aided in the continuation of the alleged discriminatory practice. To the contrary, plaintiffs assert that their efforts to alter the practice have led to retaliatory conduct against them by defendant.

### Conclusion

Plaintiffs' motion for class certification is granted, with Karlsson, Coleman and Cassetta as class representatives.