Michael HOWARD et al., Plaintiffs,

v.

John L. McLUCAS et al., Defendants.

Civ. A. No. 75–168–MAC.

United States District Court,
M. D. Georgia,
Macon Division.

Sept. 2, 1980.

Bernice Turner Brooks, Columbus, Ga., Jack Greenberg, New York City, Bobby L. Hill; Hill, Jones & Associates, Savannah, Ga., Jerry Boykin, Macon, Ga., for plaintiffs.

Denver L. Rampey, U. S. Atty., Macon, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Plaintiffs' request to withdraw the names of NAACP Defense and Education Fund, Inc. staff attorneys (hereinafter "LDF") as counsel for the plaintiffs was filed by plaintiffs' co–counsel Bernice Turner Brooks on January 25, 1980. Basically the motion is one for disqualification of the LDF based on an inability between co–counsel to resolve the issues and trial strategies pending resolution of this case now almost five years old. Although the LDF raised no objection in its response to Ms. Brooks' motion, the court voiced its own concern that the LDF may have been willing to accede to Ms. Brooks' request solely for the purpose of furthering the ultimate disposition of the case. Fearing also that the plaintiffs, when confronted with the choice of whom they desired to represent them, would not be in a position to make an informed decision on the question of representation, the court requested that the named plaintiffs meet with the court in chambers outside the presence of Ms. Brooks or the LDF to give some direction to the question of which attorney or attorneys should represent the plaintiff class from this time forward. The upshot of the conference was that the named plaintiffs desired that representation which would best protect the merits of their claim. Without the legal expertise necessary to make that decision, the named plaintiffs placed the court in the position of deciding which counsel, if any, will best represent the class.

The test of adequate representation in class action litigation brought under Rule 23, Fed.R.Civ.P. is whether the plaintiff's counsel is competent, and whether the interests of the named plaintiffs are not adverse to those of the class. *Kuck v. Berkey Photo, Inc.,* 81 F.R.D. 736 (S.D.N.Y. 1979); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239 (3rd Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Jaurigui v. Arizona Bd. of Regents,* 82 F.R.D. 64 (D.Ariz.1979). A trial court has the continuing duty to undertake a stringent examination of the adequacy of representation by the named class representatives *and their counsel* at all stages of the litigation. *In re General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106 (7th Cir. 1979). The class action rule imposes on the trial judge the duty to assure that the interests of the class, including absentee class members, are adequately protected. *Bernard v. Gulf Oil Co.,* 596 F.2d 1249 (5th Cir. 1979). The requirement of adequate representation, as applied to class action counsel is qualitative and not quantitative; in determining whether class counsel would afford absent class members adequate representation, it is proper to consider resources, and other demanding obligations of class counsel. *Smith v. Josten's Am. Yearbook Co.,* 78 F.R.D. 154 (D.Kan. 1978). When a potential conflict arises between the named plaintiffs and the rest of the class, the class attorney must not allow decisions on behalf of the class to rest exclusively with the named plaintiffs; in such a situation the attorney's duty to the class requires him to point out conflicts *to the court. Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157 (5th Cir. 1978).

The common thread running through the above cases is the federal judiciary's overriding concern that each member of the class–named and absentee–is accorded adequate protection. To insure such protection, the power of the court has been invoked to decertify the class, *Josten's Am. Yearbook, supra*; to insure that any settlement or compromise is not unfavorable to the class, *Bernard v. Gulf Oil Co., supra*;

and, to insure that there is no conflict of interest with respect to class counsel, *Guerine v. J & W Inv., Inc.*, 544 F.2d 863 (5th Cir. 1977).

 In the instant case the court is asked to discern which counsel can best protect the merits of the class claim. That the class ultimately suffer the consequences of counsel in–fighting is obvious; equally obvious then is the fact that both Ms. Brooks and the LDF cannot continue to function as co–counsel. In the event that the conflict between co–counsel has irreparably damaged the relationship between the class and both Ms. Brooks and the LDF, neither counsel can adequately protect the class claims; the court therefore must suggest substitute counsel. Interpreting the case law in this area to mandate the invocation of the court's power to protect each and every class member, named or absent, the court concludes that the NAACP Legal and Education Defense Fund will best represent the class for the following reasons:

(1) Ms. Brooks has recently moved her offices to Columbus, Georgia. Given the distance between Macon and Columbus, and the lack of resources at Ms. Brooks' disposal, which necessitated the assistance of the Legal Defense Fund in the first place, such a move may jeopardize the class claims.

(2) According to the Legal Defense Fund's brief in response to Ms. Brooks' motion, it is the Legal Defense Fund which has carried the primary burden in the litigation of the case to date. (LDF Response # 3).

(3) The Legal Defense Fund expressed doubt as to the adequacy of representation of the absent class members should the court permit the Legal Defense Fund's withdrawal. The court likewise perceives this to be a valid concern. (LDF Response # 7).

IT IS THEREFORE ORDERED that the name of Bernice Turner Brooks be withdrawn as counsel of record in the above named case, and

IT IS FURTHER ORDERED that the NAACP Legal and Educational Defense Fund be retained as lead counsel and that

they suggest to the court the name of local counsel, who, in their opinion, will vigorously protect the claims of each class member. Upon resolution of the case, Ms. Brooks may move the court, together with authority, for her claim for any financial relief to which she is entitled.

SO ORDERED.