Mary DEAN, et al., Plaintiffs,

v.

Thomas A. COUGHLIN III, et al., Defendants.

No. 84 Civ. 1528 (SWK).

United States District Court, S.D. New York.

Aug. 29, 1985.

See also, D.C., 623 F.Supp. 392.

William E. Hellerstein, The Legal Aid Society by William J. Rold, Ellen D. Levine, New York City, for plaintiffs.

Robert Abrams, Atty. Gen. of the State of N.Y. by Melvyn R. Leventhal, Deputy First Asst. Atty. Gen., Howard L. Zwickel, Frederic L. Lieberman, Asst. Attys. Gen., New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before the Court upon plaintiffs' motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order certifying this action as a class action on their claims for declaratory and injunctive relief and directing that notice of this action be given to the class. Plaintiffs are four inmates currently confined at Bedford Hills Correctional Facility ("Bedford Hills"). Their action challenges the constitutionality of the dental care provided to them by the defendants. The proposed class consists of all persons who are or will be inmates at Bedford Hills. For the reasons stated below, plaintiffs' motion is granted.

## DISCUSSION

Rule 23 provides, in relevant part, as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. (b) . . . and in addition:

\* \* \* \* \* \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . . .

As the Rule indicates, all four of the requirements of subdivision (a), and, in addition, at least one of the requirements of subdivision (b), must be satisfied. *See also Guardians Ass'n of the New York City Police Dep't, Inc. v. Civil Serv. Comm'n,* 431 F.Supp. 526, 531 (S.D.N.Y.), *vacated without opinion on other grounds,* 562 F.2d 38 (2d Cir.1977), *cert. denied,* 463 U.S. 1228, 103 S.Ct. 3568, 77 L.Ed.2d 1410 (1983).

1. The requirement of numerosity.

■ The proposed class must be so numerous that joinder of all members is impracticable. Defendants apparently concede that this requirement has been met. The class of all persons who are or will be incarcerated at Bedford Hills is composed at all times of about 500 persons. *See Korn v. Franchard Corp.,* 456 F.2d 1206, 1209 (2d Cir.1972) (212 would be enough); *Guardians Ass'n,* 431 F.Supp. at 531 (between 200 and 600 enough). Moreover, in this case, as in many civil rights cases, the members of the class are "incapable of specific enumeration." *See* Fed.R.Civ.P. 23 advisory committee note; *see also Marcera v. Chinlund,* 595 F.2d 1231, 1240 (2d Cir.), *vacated on other grounds sub nom. Lombard v. Marcera,* 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979); *Powell v. Ward,* 487 F.Supp. 917, 922 (S.D.N.Y.1980), *aff'd as modified,* 643 F.2d 924 (2d Cir.), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981). The fluid composition of a prison population is particularly well-suited for class status, because, although the identity of the individuals involved may change, the nature of the wrong and the basic parameters of the group affected re-

main constant. *See Powell,* 487 F.Supp. at 922; *see also Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975). Accordingly, the numerosity requirement is satisfied.

### 2. Common questions of law or fact.

Defendants, relying on *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), contend that this requirement is not satisfied. They argue that, since each of the individuals in the putative class has a unique dental history and differing treatment needs, a separate "individualized" adjudication is required on each patient's claim in order to assess the adequacy of the dental care given to her. Since each claim must turn on "facts relative to the patient's own dental history," defendants argue, there are no common questions of law or fact. The real problem with this argument is that it proves too much. As plaintiffs rightly point out, adoption of defendants' argument would be fatal to class certification in all prison medical care cases. Yet class actions have been maintained regarding prison medical care in this and other circuits. *See, e.g., Todaro v. Ward,* 431 F.Supp. 1129 (S.D.N.Y.), *aff'd,* 565 F.2d 48 (2d Cir.1977); *Bishop v. Stoneman,* 508 F.2d 1224, 1226 (2d Cir.1974); *see also Palmigiano v. Garrahy,* 443 F.Supp. 956, 973–76 (D.R.I.1977), *aff'd,* 616 F.2d 598 (1st Cir.), *cert. denied,* 449 U.S. 839, 101 S.Ct. 115, 66 L.Ed.2d 45 (1980); *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762–63 (3d Cir.1979); *Newman v. Alabama,* 349 F.Supp. 278 (M.D. Ala.1972), *aff'd,* 503 F.2d 1320 (5th Cir. 1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1680, 44 L.Ed.2d 102 (1975); *Wellman v. Faulkner,* 715 F.2d 269, 272 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1984); *Holt v. Sarver,* 309 F.Supp. 362, 380–84 (E.D.Ark.1970), *aff'd,* 442 F.2d 304 (8th Cir.1971), *aff'd sub nom. Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed. 522 (1978); *Hoptowit v. Ray,* 682 F.2d 1237, 1252–54 (9th Cir.1982); *Ramos v. Lamm,* 639 F.2d 559, 574–78 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981); *cf.*

*Bowring v. Godwin,* 551 F.2d 44, 47 (4th Cir.1977) (determining right of plaintiff "(or any other prison inmate)" to medical treatment).

Moreover, defendants' reliance on *Estelle* is misplaced. *Estelle* was an action brought by an individual inmate, on his own behalf, challenging the medical treatment he had received. Accordingly, the standards discussed therein perforce applied only to claims of individual mistreatment.

■ "[D]eliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle,* 429 U.S. at 104, 97 S.Ct. at 291. This indifference "may occur on an individual level, such as when a doctor intentionally mistreats an inmate ... or on an institutional level, when the prison's system of medical care is so seriously inadequate as to cause unwarranted suffering." *Cruz v. Ward,* 558 F.2d 658, 662 (2d Cir.1977) (citations omitted), *cert. denied,* 434 U.S. 1018, 98 S.Ct. 740, 54 L.Ed.2d 765 (1978). Where a prisoner class seeks to challenge an entire health care system, deliberate indifference to their health needs can be shown either by repeated acts which disclose a pattern of conduct by the prison medical staff, or by evidence of such systemic deficiencies in staffing, facilities, or procedures that unnecessary suffering is inevitable. *Todaro,* 565 F.2d at 52; *see also Wellman v. Faulkner,* 715 F.2d at 272; *Ramos v. Lamm,* 639 F.2d at 575. Accordingly, the claims of each class member need not be identical to raise common factual and legal questions regarding the adequacy of an entire system.

■ Defendants argue that plaintiffs are really complaining about the quality of the specific care received, as if in a malpractice action. That is not the case. While the named plaintiffs have asserted claims regarding the care they have actually received, these claims do not predominate. Moreover, the claims for declaratory and injunctive relief, the only claims as to which plaintiffs seek class certification,

challenge several institutional practices and policies regarding the provision of dental care to all the inmates at Bedford Hills. Those practices and policies apply with equal force to, and affect similarly, all inmates within the facility. Moreover, the complaint details several instances of institution-wide inadequacies in sanitation, equipment, recordkeeping, and supervision which tend to show a systemic basis for individual deprivations. These matters are common to all inmates.

In assessing the inadequacy of dental care at Bedford Hills, the court will perforce examine individual cases like those of the named representatives. This, however, does not mean that there are no common questions of law and fact. The individual cases will be reviewed solely to see if they establish either a pattern which discloses deliberate indifference to inmates' health or the existence of systemic deficiencies. The Court finds that there are common questions of law and fact in this case.

### 3. Typicality of representatives' claims.

■ Defendants make essentially the same argument about the typicality requirement as they did about the commonality of questions of fact and law. Arguing that plaintiffs' claims attack the quality of the dental care actually received, and that the individual needs and treatment histories of the plaintiffs will necessarily predominate, defendants claim that no individual plaintiff's claim can be typical of any other class member's. The slight factual differences, however, among each class member's complaints about dental care do not mean that the claims of the named plaintiffs are not typical. *See Robert E. v. Lane*, 530 F.Supp. 930, 942–43 (N.D.Ill. 1981). As the Court has already indicated, plaintiffs claim systemic behavior and harm. The claims of the class representatives here are typical: each has been subjected to some or all of the general, institution-wide deprivations alleged on behalf of the class.

### 4. Adequacy of Representation.

■ The representative parties must be prepared to fairly and adequately protect the interests of the class. This requirement is comprised of two elements: (1) "that the interests of the representative party ... coincide with those of the class; and [2] that the representative party and his attorney can be expected to prosecute the action vigorously." *Mersay v. First Republic Corp.*, 43 F.R.D. 465, 469 (S.D.N.Y.1968); *see also Kuck v. Berkey Photo, Inc.*, 81 F.R.D. 736, 740 (S.D.N.Y.1979). Defendants apparently concede that this requirement has been met. The named plaintiffs do not have interests divergent from the rest of the prisoners at Bedford Hills. Moreover, they are represented by counsel experienced in prisoners' rights litigation. *See, e.g., Todaro*, 565 F.2d 48; *Detainees of the Brooklyn House of Detention for Men v. Malcolm*, 520 F.2d 392 (2d Cir.1975); *Rhem v. Malcolm*, 507 F.2d 333 (2d Cir.1974); *see also Frazier v. Ward*, 426 F.Supp. 1354, 1356 (N.D.N.Y. 1977); *King v. Carey*, 405 F.Supp. 41, 44 (W.D.N.Y.1975). If any doubt remained about the capability of plaintiffs' counsel to adequately represent the putative class in this case, the quality of the work done in preparing this motion dispelled it. Accordingly, this requirement is satisfied. Plaintiffs thus have shown that all four prerequisites of Rule 23(a) are met in this case.

### 5. Rule 23(b) requirement.

■ As discussed above, plaintiffs must also demonstrate that one of the requirements of Rule 23(b) is met. The plaintiffs argue that this action satisfies the tests of both subdivisions (b)(1) and (b)(2). Since I think this action is clearly maintainable as a class action under subdivision (b)(2), I will not discuss at length whether it would also be maintainable under subdivision (b)(1), except to note here that I believe that it would.

The defendants oppose certification under subdivision (b)(2) based on the same general line of reasoning they urged regarding commonality and typicality. They

reemphasize the unique nature of the facts in each class member's complaint, and argue that this makes appropriate a different form of relief in each case. This argument has already been rejected. The plaintiffs are challenging the entire system by which dental care is provided at Bedford Hills. They seek to show a pattern of inadequate dental care that violates the Eighth Amendment rights of all inmates. Class certification is sought only as to claims for declaratory and injunctive relief, not for the named plaintiffs' claims for compensatory and punitive damages. As the Second Circuit has stated, "... it is well established that civil rights actions are the paradigmatic 23(b)(2) class suits, for they seek class-wide structural relief that would clearly redound equally to the benefit of each class member." *Marcera*, 595 F.2d at 1240; *see also Robert E.*, 530 F.Supp. at 944; Fed.R. Civ.P. 23(b)(2) advisory committee notes.

The Court finds that this is a case where classwide relief would be appropriate. Accordingly, plaintiffs' motion for class certification must be granted. The class shall consist of all persons who are, or will be during the pendency of this action, confined at Bedford Hills.

■ Plaintiffs also request the Court to direct notice of this action to the class. This notice is not required by Rule 23; nonetheless, it is within this Court's discretion to direct that such notice be given. *See* Fed.R.Civ.P. 23(d)(2); *Women's Comm. for Equal Employment Opportunity v. National Broadcasting Co.*, 71 F.R.D. 666, 671 (S.D.N.Y.1976). The Court feels that this is a case where notice is appropriate. Notice shall be given to the members of the plaintiff class in the same form as proposed in plaintiffs' moving papers. Copies of such notice are to be (1) distributed to each inmate confined at Bedford Hills, and (2) posted in the law library, the dental clinic, and in each housing area for the pendency of the suit. Plaintiffs' counsel shall reproduce sufficient copies of the notice and deliver them to the Superintendent of Bedford Hills who shall be responsible for their distribution and posting.

In sum, plaintiffs' motion for an order certifying this action as a class action and directing that notice of this action be given to the class is GRANTED.

SO ORDERED.