David DOE, et al.

v.

Larry R. MEACHUM, et al.

Civ. No. H–88–562 (PCD).

United States District Court,
D. Connecticut.

Feb. 10, 1989.

Shelley Geballe, Martha Stone, Connecticut Civ. Liberties Union Foundation, Hartford, Conn., J.L. Pottenger, Jr., Jerome N. Frank Legal Services Organization, New Haven, Conn., for plaintiffs.

Stephen O'Neill, Steve Strom, Richard Couture, Asst. Attys. Gen., Hartford, Conn., for defendants.

## ORDER

DORSEY, District Judge.

Absent objection, the Magistrate's ruling is accepted and adopted.

SO ORDERED.

## RECOMMENDED RULING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

JOAN GLAZER MARGOLIS, United States Magistrate.

On August 15, 1988 plaintiffs filed their thirty-five page complaint which chal-lenges, on a statewide basis, the manner in which the Connecticut Department of Correction handles inmates who have, or are believed to have, Acquired Immune Deficiency Syndrome ("AIDS"), AIDS–Related Complex ("ARC"), or other Human Immunodeficiency Virus ("HIV"), collectively referred to as HIV. The five named plaintiffs, who are pursuing this litigation under fictitious names, have or are being incarcerated at correctional institutions scattered across the state. Two additional plaintiffs, who also are litigating this matter anonymously, have intervened. (See Dkt. # 81).

On September 26, 1988, plaintiffs filed their motion for class certification and brief in support. (Dkt. ## 16–17). On January 6, 1989, defendants filed their brief in partial opposition to plaintiffs' motion for class certification. (Dkt. # 80). Defendants objected not so much to the maintenance of this action as a class action, but to the "overbroad" and "ambiguous" definition proposed by plaintiffs. Defendants instead suggested that the class be divided into three subclasses. Plaintiffs' reply brief was filed on January 20, 1989 (Dkt. # 85), in which they proposed a single revised class.

■ There is little dispute that class certification is appropriate when plaintiffs make widespread allegations with respect to the conditions of their confinement. *See, e.g., Jane B. by Martin v. New York City Department of Social Services,* 117 F.R.D. 64 (S.D.N.Y.1987) (challenging conditions at two centers for adolescent girls with behavioral and emotional problems); *Dean v. Coughlin,* 107 F.R.D. 331 (S.D.N.Y.1985) (regarding allegedly inadequate dental care at correctional facility). Class certification similarly is proper in actions brought by HIV victims with respect to the scope of their treatment. *See, e.g., Weaver v. Reagen,* 701 F.Supp. 717, 721–723 (W.D. Mo.1988), 1988 U.S. Dist LEXIS 14317, at 9–16 (regarding Medicaid recipients with HIV who were unable to obtain the drug AZT, the only approved treatment for AIDS).

■ At oral argument held on January 20, 1989 an agreement was reached with respect to the definition of the class—namely all persons who were at any time since August 15, 1985, are or will be subject to the care and custody of defendant Meachum, excluding the class certified in *Smith v. Meachum*, Civ. No. H87–221(JAC).

On or before January 24, 1989, plaintiffs will file a proposed notice and suggested manner of notice; defendants shall file their response on or before January 30, 1989.

Accordingly, plaintiffs' motion for class certification is granted by agreement, as set forth above.

*See* 28 U.S.C. Section 636(b) (written objections to ruling must be filed within ten days after service of same); F.R.Civ.P. 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut, this 20th day of January, 1989.